# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2334

_____

| | | |
|---|---|---|
| Discovery Group LLC; Explorer Investments 1 LLC, | * * * | |
| Third Party Plaintiffs - Appellants, | * * | |
| v. | * * * | Appeal from the United States District Court for the Western District of Missouri. |
| Chapel Development, LLC, | * * | |
| Third Party Defendant - Appellee, | * * | |
| Jerry Campbell; Cohen Esrey Real Estate Services, Inc.; Michael Atcheson; Larry Haas, | * * * * | |
| Third Party Defendants. | * | |

_____

Submitted: January 16, 2009
Filed: July 27, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Discovery Group LLC and Explorer Investments 1 LLC ("Explorer") sought indemnification from Chapel Development, LLC ("Chapel"), for losses incurred as defendants in a suit by Lafarge North America, Inc. ("Lafarge"). The district court concluded that the indemnification claim brought by Discovery Group and Explorer

(collectively, "appellants") was barred by the statute of limitations, and granted summary judgment for Chapel. We reverse and remand for further proceedings.

I.

In August 1999, Lafarge, a supplier of building and construction materials, hired Discovery Group, a real estate company, to help secure a new location for Lafarge's divisional headquarters. Based on Discovery Group's advice, Lafarge selected a site in the Chapel Ridge development in Lee's Summit, Missouri.

In December 1999, Discovery Group entered into an agreement with Chapel to purchase the site. The agreement contained several representations by Chapel. One stated that Chapel "has not heretofore received any notice, and has no knowledge that any . . . assessment or similar proceeding or charge affecting the Property or any portion thereof exists or any such proceeding or charge is contemplated." Another provided:

> There will not be any action, suit or proceeding pending, or to the knowledge of [Chapel] threatened against or affecting the Property or any portion thereof, or relating to or arising out of the ownership, management or operation of the Property, in any court or before or by any federal, state, county or municipal department, commission, board, bureau or agency or other governmental instrumentality, except for any claims that may be hereafter asserted which will be disclosed in writing to [Discovery Group] and which must be approved by [Discovery Group] prior to Closing or [Discovery Group] shall have the right to terminate this Agreement.

The agreement also contained an indemnity clause, which required each party to "indemnify and hold the other party and any assignee of the other party harmless from any loss, cost, expense (including attorneys' fees), or damages sustained by reason of

a breach of any representation, warranty, covenant, agreement or indemnity by such party, whether or not suit is brought."

After the agreement was executed, employees of Discovery Group learned that Chapel had filed a petition in state court for the formation of a transportation development district ("TDD") encompassing the Chapel Ridge site. The petition stated that the proposed TDD would seek to institute a district-wide sales tax of one-half percent to fund the construction of a new highway interchange. In January 2000, the petition was granted, and the TDD was formed. Soon thereafter, the TDD imposed the sales tax. Discovery Group assigned its rights as purchaser of the Chapel Ridge site to Explorer, and in May 2000, Chapel and Explorer closed on the sale of the site.

Explorer agreed to lease to Lafarge a building on the site for use as Lafarge's divisional headquarters. In March 2001, Lafarge was informed that business conducted from the site could be subject to the TDD's sales tax. After the Missouri Department of Revenue confirmed that sales by employees who worked at the site were subject to the tax, Lafarge sued appellants for failing to disclose that the site was located in the TDD. *See Lafarge N. Am., Inc. v. Discovery Group LLC*, No. 08-2210 (8th Cir. July 27, 2009).

In June 2006, appellants filed a third-party complaint against Chapel. The complaint alleged that Chapel breached representations and warranties in the agreement for the sale of the Chapel Ridge site by failing to disclose the formation of the TDD. The complaint also alleged that Chapel made fraudulent and negligent misrepresentations in the sale by denying knowledge of any proceeding or charge, as well as any pending action or suit, affecting the property. Finally, appellants sought indemnification under the agreement for any damages, expenses, or attorneys' fees incurred in defending against Lafarge's suit, on the ground that any failure of theirs to inform Lafarge of the additional sales tax in the TDD resulted from Chapel's breach

of representations and warranties in the agreement.  The district court concluded that all of appellants' claims were barred by Missouri's statutes of limitations, and granted summary judgment for Chapel.

## II.

Appellants challenge only the district court's grant of summary judgment in favor of Chapel on the indemnification claim.  We review the grant of summary judgment *de novo*.  *See Am. Family Mut. Ins. Co. v. Van Gerpen*, 151 F.3d 886, 887 (8th Cir. 1998).  The material facts are undisputed, and the question on appeal is whether Chapel is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

The parties agree that Missouri's statute of limitations for "actions upon contracts," Mo. Rev. Stat. § 516.120, governs the timeliness of the indemnification claim.  That statute provides that all actions upon contracts must be brought within five years of when the causes accrue. *Id.*  Under Missouri law, such causes accrue not

> when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

*Id.* § 516.100.

Appellants contend that the district court erred in concluding that their indemnification claim was barred by the statute of limitations.  They note that when they filed their third-party complaint against Chapel, Lafarge's claims against them remained unresolved.  Accordingly, appellants argue, the full measure of their losses in defending against LaFarge's claims was not yet sustained or capable of

-4-

ascertainment, so their cause for indemnity had not yet accrued. Appellants maintain that their action against Chapel was therefore timely. We agree.

Missouri recognizes two types of indemnity in contracts: indemnity against loss and indemnity against liability. *Ruysser v. Smith*, 293 S.W.2d 930, 933 (Mo. 1956). By providing indemnity against "any loss, cost, expense (including attorneys' fees), or damages," the parties' agreement contemplates indemnity against loss. *See Burns & McDonnell Eng'g Co. v. Torson Constr. Co.*, 834 S.W.2d 755, 758 (Mo. Ct. App. 1992). "[W]here the contract is strictly one of indemnity . . . against loss or damages, the indemnitee cannot recover until he has . . . suffered an actual loss or damage against which the covenant runs." *Ruysser*, 293 S.W.2d at 933 (internal quotations omitted). Accordingly, "the indemnitee's right of recovery accrues as soon as he has suffered the loss or damage against which he was to be saved harmless." *Id.* (internal quotations omitted). If, however, "the contract is not limited to a single item of . . . loss, . . . the statute of limitations for bringing a claim on indemnity does not begin to run until all the loss or damage is sustained by the indemnitee." *Burns & McDonnell*, 834 S.W.2d at 759; *see* Mo. Rev. Stat. § 516.100.

Based on these principles, we conclude that appellants' cause of action for indemnity had not yet accrued when they filed their third-party complaint against Chapel. Although by then they had incurred *some* losses (namely, attorneys' fees) in defending against Lafarge's suit, the outcome of the litigation was unresolved, so not "*all* resulting damage" was sustained or capable of ascertainment. Mo. Rev. Stat. § 516.100 (emphasis added). Because their cause for indemnity had not yet accrued under Missouri law, appellants' action was not barred by the statute of limitations, and the district court erred in granting summary judgment for Chapel on the ground that their action was untimely.*

---

*Appellants' cause of action for indemnity was not premature, even though it had not yet accrued when their third-party complaint was filed. Federal Rule of Civil Procedure 14 allows a defendant to implead another party "who is or may be liable"

Chapel contends that even if appellants' indemnification claim was not time-barred, the district court's grant of summary judgment should be affirmed on other grounds. Chapel argues as one alternative ground that the indemnification claim is no longer tenable, because appellants do not appeal the district court's decision to dismiss as time-barred their claim that Chapel breached the underlying representations and warranties in the agreement. That their claim of breach was barred by the statute of limitations, however, does not preclude appellants from proving breach as an element of their indemnification claim; the timeliness of the one claim does not affect the merits of the other. *See Wentz v. Price Candy Co.*, 175 S.W.2d 852, 853 (Mo. 1943) ("Ordinary statutes of limitation are held to affect the remedy only."); *Rincon v. Rincon*, 571 S.W.2d 475, 476 (Mo. Ct. App. 1978) (explaining that statutes of limitations "merely suspend the remedy without extinguishing the right").

Chapel also urges affirmance on the ground that appellants waived their right to indemnification by proceeding to close on the sale of the Chapel Ridge site despite their knowledge of the petition to form the TDD. According to Chapel, appellants are estopped from claiming indemnification for the same reason. Waiver and estoppel were not considered by the district court, and we leave these defenses to be addressed in the first instance on remand, without expressing any view as to their merit.

_____

to the defendant for all or part of the plaintiff's claim. "The words 'may be liable' mean that defendant is permitted to join someone against whom a cause of action has not yet accrued, provided that the claim is contingent upon the success of plaintiff's action and will accrue when defendant's liability is determined . . . or plaintiff's claim is satisfied." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1451, at 405-06 (2d ed. 1990); *see Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980).

The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____