[PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11240
_____

D.C. Docket No. 1:14-cv-00322-WS-C


ALEIDA JOHNSON,
f.k.a. Aleida Hill,
individually and on behalf of all similarly situated individuals,

Plaintiff-Appellant,


versus


MIDLAND FUNDING, LLC,

Defendant-Appellee.


_____

No. 15-14116
_____

D.C. Docket No. 1:14-cv-00324-WS-M


JUDY N. BROCK,
individually and on behalf of a class of others similarly situated,
DONALD CUNNINGHAM,

Plaintiffs-Appellants,

versus

RESURGENT CAPITAL SERVICES, L.P.,
LVNV FUNDING, LLC,

                                        Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(May 24, 2016)

Before WILSON, MARTIN and HIGGINBOTHAM,[*] Circuit Judges.

MARTIN, Circuit Judge:

Under the Bankruptcy Code ("Code"), a "creditor . . . may file a proof of claim" in a bankruptcy proceeding. 11 U.S.C. § 501(a). The Fair Debt Collection Practices Act ("FDCPA") prohibits a "debt collector" from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This Court held that a debt collector violates the FDCPA when it files a proof of claim in a bankruptcy case on a debt that it knows to be time-barred. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014). In considering this case below, the District Court interpreted the Crawford ruling as having placed the FDCPA and the Code in irreconcilable

_____

[*]Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

conflict.  We see no such conflict.  Although the Code certainly allows all creditors to file proofs of claim in bankruptcy cases, the Code does not at the same time protect those creditors from all liability.  A particular subset of creditors—debt collectors—may be liable under the FDCPA for bankruptcy filings they know to be time-barred.  Because we find no irreconcilable conflict between the FDCPA and the Code, we reverse.

## I.

Aleida Johnson filed a Chapter 13 bankruptcy petition in March 2014.  In May 2014, Midland Funding, LLC ("Midland") filed a proof of claim in her case, seeking payment of $1,879.71.  Midland is a buyer of unpaid debt.  Specifically, Midland purchases accounts with overdue unpaid balances and tries to collect those accounts.  Midland's claim against Ms. Johnson originated with Fingerhut Credit Advantage, and the date of the last transaction on her account was listed as May 2003.  This was over ten years before Ms. Johnson filed for bankruptcy.  The claim arose in Alabama, where the statute of limitations for a creditor to collect an overdue debt is six years.  See Ala. Code § 6-2-34.

Judy Brock also filed a Chapter 13 bankruptcy petition.  Ms. Brock filed her petition in April 2014; in June 2014, Resurgent Capital Services, L.P. ("Resurgent") filed a proof of claim seeking payment of $4,155.40.  Resurgent is a "manager and servicer of domestic and international consumer debt portfolios for

3

credit grantors and debt buyers." Resurgent's filing was an attempt to collect Ms. Brock's debt on behalf of LVNV Funding, LLC, which is a purchaser of unpaid debt like Midland. Ms. Brock's debt originated with Washington Mutual Bank, N.A., and the date of the last transaction on her account was January 2008. There had been no activity on her account for over six years before Ms. Brock filed for bankruptcy.

Ms. Johnson and Ms. Brock (together, "Debtors") sued their respective creditors (together, "Claimants") under the FDCPA. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes attempting to collect a debt that is not "expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1). Both Debtors alleged in their lawsuits that the claims on their face were barred by the relevant statute of limitations. They argued that the proofs of claim were thus "'unfair,' 'unconscionable,' 'deceptive,' and misleading" in violation of the FDCPA.

Midland moved to dismiss Ms. Johnson's FDCPA suit, and the District Court granted the motion. The District Court read the Bankruptcy Code as affirmatively authorizing a creditor to file a proof of claim—including one that is time-barred—if that creditor has a "right to payment" that has not been extinguished under applicable state law. The District Court identified tension

between this provision of the Code and the FDCPA, which makes it unlawful to file a proof of claim known to be time-barred. The court found this conflict to be irreconcilable and applied the doctrine of implied repeal to hold that a creditor's right to file a time-barred claim under the Code precluded debtors from challenging that practice as a violation of the FDCPA in the Chapter 13 bankruptcy context.

In Ms. Brock's later FDCPA suit, the District Court granted Resurgent's motion for judgment on the pleadings based on the rationale and holding in Ms. Johnson's case. The two cases were consolidated for this appeal.

## II.

We review de novo the District Court's grant of a motion to dismiss for failure to state a claim. Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1275 (11th Cir. 2013). Like the District Court, we accept the allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff. Id. We apply the same standard of review to the District Court's judgment on the pleadings. See Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002). Judgment on the pleadings is appropriate "when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).

## III.

5

The Debtors argue on appeal that the District Court's decision conflicts with our Circuit's precedent in Crawford. Again, Crawford held that a debt collector violates the FDCPA by knowingly filing a proof of claim in a bankruptcy proceeding on a debt that is time-barred. 758 F.3d at 1261. The Debtors here pursue their argument that the Code does not preclude this type of FDCPA claim simply because the claim was made in the context of a Chapter 13 bankruptcy case.

## A.

In Crawford, this Court faced a question nearly identical to the one we consider here: "whether a proof of claim to collect a stale debt in Chapter 13 bankruptcy violates the [FDCPA]." 758 F.3d at 1256. We concluded there was an FDCPA violation in Crawford, based on "[t]he FDCPA's broad language, our precedent, and the record." Id. at 1257.

The Crawford panel first looked to the language of the FDCPA, which prohibits a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or "unfair or unconscionable means," id. § 1692f, to collect on a debt. 758 F.3d at 1258. Because of the ambiguity in these terms, the Court adopted a "'least-sophisticated consumer' standard" to evaluate whether a debt collector's conduct was deceptive under the FDCPA. Id. It then concluded that "[s]imilar to the filing of a stale lawsuit," which is prohibited by the FDCPA for debts on which the statute of limitations has run, "a debt collector's filing of a time-barred proof of

6

claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt." Id. at 1261. This impression causes problems because "[t]he 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim." Id. Then when the debtor fails to object, the time-barred debt becomes part of the debtor's repayment plan, which would "necessarily reduce[] the payments to other legitimate creditors with enforceable claims." Id. Thus Crawford held that the practice of filing time-barred proofs of claim was misleading under the FDCPA. Id.

In a footnote, the panel said it "decline[d] to weigh in on a topic the district court artfully dodged: Whether the Code 'preempts' the FDCPA when creditors misbehave in bankruptcy." Id. at 1262 n.7. The Court said it "need not address this issue" because the claimant there "argue[d] only that its conduct does not fall under the FDCPA, or, alternatively, did not offend the FDCPA's prohibitions" and it "d[id] not contend that the Bankruptcy Code displaces or 'preempts' §§ 16923 and 1692f of the FDCPA." Id.

### B.

We now answer the question left open in Crawford. The Bankruptcy Code does not preclude an FDCPA claim in the context of a Chapter 13 bankruptcy when a debt collector files a proof of claim it knows to be time-barred. We

7

recognize that the Code allows creditors to file proofs of claim that appear on their face to be barred by the statute of limitations.  However, when a particular type of creditor—a designated "debt collector" under the FDCPA—files a knowingly time-barred proof of claim in a debtor's Chapter 13 bankruptcy, that debt collector will be vulnerable to a claim under the FDCPA.  Our examination of these statutes leads us to conclude that the Code and the FDCPA can be read together in a coherent way.

1.

Under the Bankruptcy Code, a "creditor . . . may file a proof of claim" in a debtor's bankruptcy.  11 U.S.C. § 501(a).  A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  Id. § 101(5)(A).  The Supreme Court interprets this language to create an "entitle[ment]" for creditors to file a proof of claim in a bankruptcy proceeding where a "right to payment" exists.  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449, 127 S. Ct. 1199, 1204 (2007) (quotation omitted).  A "right to payment" under the Bankruptcy Code "is nothing more nor less than an enforceable obligation."  Penn. Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 559, 110 S. Ct. 2126, 2131 (1990).

8

The Debtors argue that there is no "right" to file a time-barred claim when there is no right to have that claim repaid in a Chapter 13 bankruptcy proceeding. We reject this argument, because the Code does allow claims in a Chapter 13 bankruptcy proceeding by a party who does not necessarily have a right to have his claim paid. See In re McLean, 794 F.3d 1313, 1321 (11th Cir. 2015) ("[T]he Bankruptcy Code explicitly contemplates that creditors may file unenforceable claims in the bankruptcy court."). And having a claim is not the same as being entitled to a remedy. Indeed, Alabama law, which governs the right of the Claimants to recover here, provides that "[w]hen the statute of limitations expires, it does not extinguish the cause of action; instead, it makes the remedy unavailable." In re HealthSouth Corp., 974 So. 2d 288, 296 (Ala. 2007). So although a party may not be able to enforce its claim because of a statute-of-limitations bar, that party still may assert the claim in the first place. See id.

As the District Court pointed out, the Bankruptcy Code's procedure for addressing proofs of claim demonstrates that some filed claims will not ultimately be paid in a bankruptcy proceeding. Where a proof of claim is filed in a bankruptcy case, that claim is generally "deemed allowed," so it will be viewed as a valid claim and paid out of the bankruptcy estate. 11 U.S.C. § 502(a). However, the bankruptcy trustee is charged with "examin[ing] proofs of claim and object[ing] to the allowance of any claim that is improper." Id. § 704(a)(5); see

9

also id. at § 1302(b)(1). Once the trustee objects, the bankruptcy court is in turn charged with determining whether the claim "is unenforceable against the debtor . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Id. § 502(b)(1); see also id. § 558 ("The [bankruptcy] estate shall have the benefit of any defense available to the debtor . . . including statutes of limitation."). Thus, where the bankruptcy process is working as intended, a time-barred proof of claim may be filed but will not be paid by the bankruptcy estate.

2.

So while we recognize that creditors can file proofs of claim they know to be barred by the relevant statute of limitations, those creditors are not free from all consequences of filing these claims. The FDCPA does not allow a debt collector to "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Neither may they "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Id. § 1692e. A debt collector who violates one of these rules may face civil liability to the debtor. Id. § 1692k. As this Court recognized in Crawford, a debt collector violates the FDCPA by filing a knowingly time-barred proof of claim in a Chapter 13 bankruptcy proceeding. 758 F.3d at 1261.

Of course, the FDCPA does not reach all creditors.  The statute applies only to "debt collectors," who are defined as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  And "debt collectors" are a narrow subset of the universe of creditors who might file proofs of claim in a Chapter 13 bankruptcy.  Under the Code, any "creditor" (defined as any "entity that has a claim against the debtor that arose at the time of or before the [bankruptcy] order") may file a proof of claim.  11 U.S.C. § 101(10)(A).  So not all "creditors" who file a proof of claim in a Chapter 13 bankruptcy case can face potential FDCPA liability as "debt collectors."

Also, the FDCPA provides a safe harbor for debt collectors who might unintentionally or in good faith file such a claim.  See 15 U.S.C. § 1692k(c).  A debt collector who appears to have violated the FDCPA can avoid liability by showing (by a preponderance of evidence) that their violation "was not intentional and resulted from a bona fide error."  Id.  These two requirements—that the claim be filed by a "debt collector" and that the claim be "knowingly" time-barred—limit application of the FDCPA to a narrow range of actors and claims.

3.

The District Court found an "obvious tension" between the Bankruptcy Code and the FDCPA because "the Code permits creditors to file proofs of claim

11

in Chapter 13 proceedings on debts known to be time-barred, while the Act prohibits debt collectors from engaging in such conduct." Based on its perception that this is an "irreconcilable conflict," the District Court found that the later-enacted Code impliedly repealed the earlier-enacted FDCPA. In that court's view, this prohibited the Debtors from seeking FDCPA remedies against the Claimants who had filed proofs of claim in their Chapter 13 bankruptcy cases.

Where two federal statutes conflict, a cause of action provided by one statute may be precluded by the provisions of the other. See POM Wonderful LLC v. Coca-Cola Co., ___ U.S. ___, ___, 134 S. Ct. 2228, 2236 (2014). Where there is such an "irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one." Posadas v. Nat'l City Bank of N.Y., 296 U.S. 497, 503, 56 S. Ct. 349, 352 (1936) (quotation omitted). However, "repeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest." Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 662, 127 S. Ct. 2518, 2532 (2007) (quotations omitted) (alteration adopted).

This is to say that courts must be modest in construing a repeal by implication. "[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc., 534 U.S.

12

124, 143–44, 122 S. Ct. 593, 605 (2001) (quotation omitted).  For irreconcilable conflict to exist there must usually be some sort of "positive repugnancy" between the statutes at issue, because two statutes can typically coexist if they simply contain "different requirements and protections."  Id.  We will not infer a statutory repeal unless either the later statute expressly contradicts the earlier statute or this construction "is absolutely necessary" in order for the later statute to "have any meaning at all."  Nat'l Ass'n of Home Builders, 551 U.S. at 662, 127 S. Ct. at 2532 (quotations omitted).

The FDCPA and the Code are not in irreconcilable conflict.  The FDCPA and the Code differ in their scopes, goals, and coverage, and can be construed together in a way that allows them to coexist.  See POM Wonderful LLC, 134 S. Ct. at 2238 (finding two federal statutes complementary to each other when they touched on the same general subject matter but each "ha[d] its own scope and purpose" and "impose[d] different requirements and protections" (quotation omitted)).  There is no "positive repugnancy" between the statutes, because reading the two statutes as we described does not create such an express contradiction that implied repeal of the FDCPA "is absolutely necessary" in order for § 501(a) of the Bankruptcy Code (which creates the right to file a claim) to "have any meaning at all."  Nat'l Ass'n of Home Builders, 551 U.S. at 662, 127 S. Ct. at 2532 (quotations omitted).

13

The Bankrupty Code and the FDCPA can be reconciled because they provide different protections and reach different actors. See J.E.M. Ag Supply, Inc., 534 U.S. at 142, 122 S. Ct. at 604 (finding no irreconcilable conflict where two regimes regulate at different levels of stringency and provide varying amounts of protection). The Code allows all "creditors" to file proofs of claim, see 11 U.S.C. § 101(10)(A), while the FDCPA dictates the behavior of only "debt collectors" both within and outside of bankruptcy, see 15 U.S.C. § 1692a(6). The Code establishes the ability to file a proof of claim, see 11 U.S.C. § 105(a), while the FDCPA addresses the later ramifications of filing a claim, see Crawford, 758 F.3d at 1257.

We read these regimes together as providing different tiers of sanctions for creditor misbehavior in bankruptcy. Cf. POM Wonderful LLC, 134 S. Ct. at 2238 ("When two statutes complement each other, it would show disregard for the congressional design to hold that Congress nonetheless intended one federal statute to preclude the operation of the other."). In a Chapter 13 bankruptcy proceeding, the first potential line of protection against a creditor who files a time-barred proof of claim is for the bankruptcy trustee to object to the claim during the course of the bankruptcy proceedings. See 11 U.S.C. §§ 704(a)(5), 1302(b)(1). If the bankruptcy court finds the objection to be proper, it can deny payment of the claim. See id. § 502(b)(1). Where a creditor's misbehavior is more severe, the

14

Code provides a more powerful remedy.  Bankruptcy courts have the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]," such as issuing sanctions against a party for misbehavior.  Id. § 105(a).

The FDCPA easily lies over the top of the Code's regime, so as to provide an additional layer of protection against a particular kind of creditor.  It kicks in only when the creditor is a debt collector that "regularly collects" or is in "any business the principal purpose of which is the collection" of debts.  15 U.S.C. § 1692a(6).  And even then, the requirement for finding a violation is quite stringent—the creditor's behavior must reach the point of "unconsionab[ility]" or "decepti[on]."  Id. §§ 1692e, 1692f.  It is only under these circumstances that the FDCPA offers the severe remedy of civil liability for damages to the debtor.  See id. § 1692k(a).

We thus conclude that the FDCPA and the Code can coexist.  Our holding does not infringe any creditor's ability to file a claim in a debtor's bankruptcy proceeding.  However, when a debt collector, as specifically defined by the FDCPA, files a proof of claim for a debt that the debt collector knows to be time-barred, that creditor must still face the consequences imposed by the FDCPA for a "misleading" or "unfair" claim.  The Bankruptcy Code's rules about who can file

15

claims do not shield debt collectors from the obligations that Congress imposed on them.

We reject the Claimants' assertion that potential consequences under the FDCPA for filing a time-barred proof of claim effectively forces a debt collector to "surrender[] its right to file a proof of claim." This argument misunderstands the relationship between the two statutes. There is no blanket prohibition on filing a time-barred claim in bankruptcy, and we say nothing to the contrary here.[1] In the same way, the Bankruptcy Code does not require any creditor to file a proof of claim in a bankruptcy proceeding—it only allows it. See 11 U.S.C. § 501(a). If a debt collector chooses to file a time-barred claim, he is simply opening himself up to a potential lawsuit for an FDCPA violation. This result is comparable to a party choosing to file a frivolous lawsuit. There is nothing to stop the filing, but afterwards the filer may face sanctions. See Fed. R. Civ. P. 11(b)–(c).

In closing, we observe that our conclusion that there is no "positive repugnancy" between the FDCPA and the Bankruptcy Code is bolstered by two additional facts. First, no provision in either the FDCPA or the Code "purports to govern the relevant interaction between the [two statutes]." POM Wonderful LLC, 134 S. Ct. at 2237. Second, Congress never expresed a "clear and manifest intent"

---

[1] Such an outcome would be inappropriate, because the FDCPA recognizes and provides a safe harbor for creditors who may file proofs of claim that are time-barred, if those filings arose from a good-faith belief resulting from a recording error that the statute of limitations had not in fact run on the claim. See 15 U.S.C. § 1692k(c).

to repeal the protections of the FDCPA when it enacted the Bankruptcy Code only one year later.  See Nat'l Ass'n of Home Builders, 551 U.S. at 662, 127 S. Ct. at 2532.  Because the FDCPA and the Bankruptcy Code may be read to coexist, the Code does not preclude an FDCPA claim in the bankruptcy context.

## IV.

This dispute reveals no irreconcilable conflict between the Bankruptcy Code and the FDCPA.  A creditor may file a proof of claim in a Chapter 13 bankruptcy proceeding under the Code.  However, when that creditor is also a "debt collector" as defined by the FDCPA, the creditor may be liable under the FDCPA for "misleading" or "unfair" practices when it files a proof of claim on a debt that it knows to be time-barred, and in doing so "creates the misleading impression to the debtor that the debt collector can legally enforce the debt."  Crawford, 758 F.3d at 1261.  Because the Debtors' FDCPA claims are not precluded by the Bankruptcy Code, we reverse and remand to the District Court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**