# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2984
_____

Domick Nelson

*Plaintiff - Appellant*

v.

Midland Credit Management, Inc.

*Defendant - Appellee*

------------------------------

National Association of Consumer Bankruptcy Attorneys

*Amicus on Behalf of Appellant(s)*

ACA International

*Amicus on Behalf of Appellee(s)*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 15, 2016
Filed: July 11, 2016
_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.
_____

BENTON, Circuit Judge.

In November 2006, Domick R. Nelson defaulted on a consumer debt of $751.87. On February 25, 2015, she filed a Chapter 13 petition in bankruptcy court. Midland Credit Management, Inc., as agent for the creditor, filed a proof of claim in bankruptcy court for the amount of the debt. According to the proof of claim, Nelson made no payment on the debt after November 2006. Nelson objected to the proof of claim, arguing it was time-barred. *See* **§ 516.120(1) RSMo 2000**; ***Discovery Grp. LLC v. Chapel Dev., LLC***, 574 F.3d 986, 990 (8th Cir. 2009) (recognizing that Missouri statutes of limitations are procedural, not substantive, and merely suspend the remedy without extinguishing the right). The bankruptcy court agreed, disallowing Midland's claim. *See* **11 U.S.C. § 558** (including statutes of limitation as a defense for a bankruptcy estate).

Nelson then sued Midland, alleging that, by filing the proof of claim on the time-barred debt, Midland violated the Fair Debt Collection Practices Act (FDCPA). The district court[1] dismissed for failure to state a claim, holding that the FDCPA is not implicated by a debt collector filing an accurate and complete claim on a time-barred debt. Nelson appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews de novo the Rule 12(b)(6) dismissal of Nelson's claims. ***Cox v. Mortgage Elec. Registration Sys., Inc.***, 685 F.3d 663, 668 (8th Cir. 2012). This court assumes as true all factual allegations in the pleadings, interpreting them most favorably to Nelson, the nonmoving party. ***Bell v. Pfizer, Inc.***, 716 F.3d 1087, 1091 (8th Cir. 2013). "[A] complaint must contain sufficient factual matter, accepted

---

[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

as true, to state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009).

"Enacted to eliminate abusive debt collection practices, the FDCPA imposes civil liability on debt collector[s] for certain prohibited debt collection practices." ***Hemmingsen v. Messerli & Kramer, P.A.***, 674 F.3d 814, 817 (8th Cir. 2012) (alteration in original). Nelson alleges that Midland's claim violated three prohibitions in the FDCPA: "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," **15 U.S.C. § 1692d**; "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," **§ 1692e**; and "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," **§ 1692f**. Because each of these allegations stem from the same conduct—the filing of the proof of claim—this court may consider the provisions together. *See* ***Hemmingsen***, 674 F.3d at 817.

More specifically, under the FDCPA, a debt collector may neither falsely represent "the character, amount, or legal status of any debt," **15 U.S.C. § 1692e(2)(A)**, nor threaten "to take any action that cannot legally be taken or that is not intended to be taken," *id.* **§ 1692e(5)**. Nelson argues that Midland, by submitting its claim, represented that the claim was valid and enforceable. *See* **11 U.S.C. § 502(a)** ("A claim or interest . . . is deemed allowed, unless a party in interest . . . objects."). Even if—as here—the debt collector does not make express misrepresentations, the FDCPA bars a debt collector from filing or threatening a lawsuit to collect a time-barred debt. *See* ***Freyermuth v. Credit Bureau Servs., Inc.***, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.").

Nelson urges this court to follow the Eleventh Circuit and extend to bankruptcy claims the rule against actual or threatened litigation on time-barred debts. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014); *see also Johnson v. Midland Funding, LLC*, 2016 WL 2996372, at *3 (11th Cir. May 24, 2016) (clarifying *Crawford* by holding that the Bankruptcy Code does not preempt the FDCPA). In *Crawford*, the Eleventh Circuit held that knowingly filing a time-barred proof of claim violated the FDCPA's prohibitions against unfair, unconscionable, deceptive, or misleading conduct. 758 F.3d at 1261. The *Crawford* court reasoned that the same concerns underlying the rule against litigating or threatening to litigate time-barred debts—the debtor's faded memory and lost records, possible ignorance of the statute of limitations, and expense to contest the stale debt—apply equally to a debt collector filing a claim on a stale debt. *Id.*

*Crawford*, however, ignores the differences between a bankruptcy claim and actual or threatened litigation. In *Freyermuth*, this court held that a defendant's FDCPA liability turns on "whether an unsophisticated consumer would be harassed, misled or deceived by" the debt collector's acts. *Freyermuth*, 248 F.3d at 771. The bankruptcy process protects against such harassment and deception. Unlike defendants facing a collection lawsuit, a bankruptcy debtor is aided by "trustees who owe fiduciary duties to all parties and have a statutory obligation to object to unenforceable claims." *In re Gatewood*, 533 B.R. 905, 909 (8th Cir. B.A.P. 2015); *see* **11 U.S.C. §§ 704(a)(5)**, **1302 (b)(1)** (outlining trustees' duties, including objecting "to the allowance of any claim that is improper").

Defending a lawsuit to recover a time-barred debt is more burdensome than objecting to a time-barred proof of claim. "[T]he Bankruptcy Code provides for a claims resolution process involving an objection and a hearing to assess the amount and validity of the claim . . . [that] is generally a more streamlined and less unnerving prospect for a debtor than facing a collection lawsuit." *In re Gatewood*, 533 B.R. at 909. Because a proof of claim does not expand the pool of available funds in

bankruptcy, debtors have less at stake than a collection defendant. Rather, an unsecured creditor likely shares only "pro rata in the distribution of the pool of available funds and see[s] the unpaid portion of its claim discharged." *Id.*

These protections against harassment and deception satisfy the relevant concerns of the FDCPA. "There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) (so stating while rejecting an FDCPA suit even where the proof of claim was inaccurate and inflated).

This court rejects extending the FDCPA to time-barred proofs of claim. An accurate and complete proof of claim on a time-barred debt is not false, deceptive, misleading, unfair, or unconscionable under the FDCPA. The district court properly dismissed for failure to state a claim.

* * * * * * *

The judgment is affirmed.

_____