Wood, Chief Judge,
dissenting.
This court held, in Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013), that the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., prohibits a creditor from filing a lawsuit in state court to collect a debt for which- the statute of limitations has ■ expired. See also McMahon v. LVNV Funding, 744 F.3d 1010, 1020 (7th Cir. 2014). Today, the majority holds that the creditor may take comparable action within a bankruptcy proceeding, by filing a proof of claim on a debt that it knows to be stale— an action the creditor will take knowing that it will result in payment only if the staleness of the debt slips past the debtor, her lawyer (if she has one), and the trustee, and thus become collectible through the bankruptcy court (at the expense of other creditors). They rely on the broad scope of the types of claims that may or must be filed in bankruptcy, on the extra protections they believe bankruptcy af *738 fords, and the fact that the type of limitations bar we are considering here cuts off only the right to sue, not the cause of action itself. None of those rationales holds up under close inspection, in my -view, and so I dissent.
It is helpful to begin with a brief review of the holdings of Phillips and McMahon. In Phillips, the plaintiff sought to bring a class action against a debt collector that had sued her after the statute of limitations on the underlying creditor’s claim had run. If that was true, we said, citing Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32-83 (3d Cir. 2011) (per curiam); Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 332-33 (6th Cir. 2006); and Herkert v. MRC Receivables Corp., 655 F.Supp.2d 870, 875-76 (N.D. Ill. 2009), the debt collector’s suit violated the FDCPA. We followed up on that statement in McMahon. Nothing in McMahon suggested that a lawsuit based on a time-barred debt, or even a demand for payment under color of legal right, is permissible, in the absence of an honest disclosure about the creditor’s loss of the right to take legal action. Here is what we said:
We do not hold that it is- automatically improper for a debt collector to seek repayment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished. But, as we held in Phillips, supra, if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation ..., the collector has violated the FDCPA. Because it is plausible that an unsophisticated consumer would believe a letter that offers to “settle” a debt implies that the debt is legally enforceable, it was correct in Delgado to decline to dismiss the action at this stage, and incorrect to dismiss the class allegations in McMahon.
The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute [citing 15 U.S.C. § 1692e(2)(A), (5)].
744 F.3d at 1020. “Seeking” repayment is one thing: it could be accomplished by a polite, non-threatening letter advising the debtor of the debt’s existence, and the fact that a lawsuit is time-barred. At most, the letter would represent an effort to persuade the debtor to pay, based on whatever advantage payment might confer (perhaps a moral advantage, perhaps a boost to one’s credit rating). This is in stark contrast with the use of any type of legal process, whether a suit in state court, a suit in federal court, or the filing of a claim in bankruptcy. Those are all an entirely different matter, and nothing in McMahon condoned any use of any type of court to collect a concededly stale debt. I take it that my colleagues agree with me that proceedings in bankruptcy court “count” as a form of judicial proceeding, given the fact that the bankruptcy court (a unit of the federal district court, see 28 U.S.C. § 151) presides over the legal process of collecting all good-faith claims against the estate, amassing the assets of the estate, setting priorities, identifying what can and cannot be discharged, and then resolving who can be paid and how much. Unless there is something in the Bankruptcy Code to distinguish the proceedings in bankruptcy court from proceedings in the courts involved in McMahon and Phillips, that is enough for me to hold that the rule of those cases applies here as well.
The majority finds such a distinction in the definition of the word “claim” in the *739 Bankruptcy Code, which provides that a claim is a “right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]” 11 U.S.C. § 101(5)(A). My colleagues focus particularly on two of the items in this list — “contingent” and “unmatured” claims — as support for their view that a clearly time-barred claim may be submitted by a debt collector consistently with this statute.
Neither of those categories, however, covers a concededly stale debt. A claim based on such- a debt is not contingent, because the expiration of the statute of limitations means that a lawsuit to collect it is no longer available. There is no event that could come to pass that could create an enforceable legal obligation for the debtor to pay up — at least no contingency that does not fall within the group of sharp or fraudulent practices that Phillips and McMahon hold are barred by the FDCPA. It is true that certain actions by the debtor can re-start the statute of limitations after it has run, but the debtor will not take those steps unless she is snookered into thinking that the debt is still legally enforceable. Cf. Suesz v. Med-1 Solutions, LLC, 757 F.3d 636, 639 (7th Cir. 2014) (en banc) (condemning collection tactic of suing in a court that is inconvenient to the debtor, hoping to obtain a default judgment “for a debt that the defendant doesn’t actually owe”). We should not distort the meaning of the word “contingent” to include the possibility of the debt collector’s successfully tricking the debtor into paying.
A stale debt is certainly not “unma-tured.” If anything, it is overripe. Nor does the stale debt fit any other category in section 101(5)(A). I do not disagree with the notion, ante at n.4, that the list in section 101(5)(A) is illustrative. But it has not persuaded me that an effort to use legal process, hoping that the debtor (and others) will fail to spot a clear limitations defense, falls within either the enumerated possibilities or anything remotely related to them. Some things are simply too speculative, or too much against public policy, to include. A debtor could be induced to pay a fraudulent debt, too, but that does not mean that the Bankruptcy Code should be distorted into facilitating such a payment.
It is important in this connection not to view the Code in isolation from the Rules of Bankruptcy Procedure. The filing of a proof of claim, like any other “petition, pleading, written motion, and other paper,” is subject to Bankruptcy Rule 9011, the counterpart to Federal Rule of Civil Procedure 11. By filing the proof of claim, the filer “is certifying that to the best of that person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the claims ... are warranted by existing law[,] ... [and] the allegations and other factual contentions have evidentiary support....” Fed. R. Bkr. P. 9011(b). No one — not a debt collector, not any other kind of creditor — should be filing a proof of claim that fails to comply with this rule. Public policy, expressed in the Bankruptcy Rules, demands that we do not protect frivolous, bad-faith, or unfounded claims. And a proof of claim is no mere request on moral grounds to turn money over from the bankruptcy estate to the claimant: it is a legal mechanism through which the payment of that claim can be compelled, if the claim is not disallowed by the bankruptcy court. Put differently, the bankruptcy process is one of the avenues of collection that the expiration of the statute of limitations closes off for the creditor.
The concepts in Rule 9011 also supply a limitation on the rule that I would apply here. Where an old debt is subject to an *740 ironclad statute of limitations defense, such that any suit on that debt would amount to a violation of Federal Rule of Civil Procedure 11 (and its counterparts in state court and under Bankruptcy Rule 9011), the debt should not be eligible to be submitted in a proof of claim. If, on the other hand, there is a good-faith doubt about the applicability of a statute of limitations, then scheduling is compatible with both Civil Rule 11 and Bankruptcy Rule 9011, because it is possible to imagine a state of affairs in which a legally enforceable obligation exists. That leaves ample room for the operation of section 502(b)(1) of the Bankruptcy Code, which requires the bankruptcy court, upon objection from a party in interest, to disallow any claim that “is unenforceable against the debtor ... under any ... applicable law[.]” The statute of limitations is one such law, 11 U.S.C. § 558, and there will be cases in which its applicability is the subject of a fair dispute.
My colleagues imply that debtors may actually be better off if the stale claims are submitted to the bankruptcy court, because if the debtor, her lawyer, and the trustee (or one of them) is vigilant, the filing of the proof of the stale claim will be a meaningless act: the time-barred debt will be disallowed, and the debtor will have the protection of the discharge judgment. See ante at 732-33 & n.6. That is cold comfort to the debtor who knows that the debt collectors are banking on those cases where no one spots the stale claim — a claim on which an independent lawsuit is already barred by McMahon and Phillips — and it instead winds up as a recoverable item. Sometimes people like the “belt- and-suspenders” approach, giving them redundant protection of one kind or another, but there is no justification for forcing this on them. The statute of limitations itself is full protection against a lawsuit on a stale claim; it does not need to be supplemented by a bankruptcy discharge. That is why the majority’s comment that “a debt that is not discharged remains collectible, although the avenues for collection are limited,” ante at 732, misses the boat. A time-barred debt cannot be enforced in a legal proceeding, even if in a theoretical or moral sense the debt remains.
The majority also tries to shoehorn these stale debts into the “remote or contingent” language used by Congress in H.R. Rep. No. 95-595. Ante at 734. But the stale debt is not “remote.” A debt owed by a third party to an entity owned by the debtor might be remote, or a debt Person A owes to Debtor, who then owes Creditor, might be remote. But the case before us now involves just a straightforward debt that could have been enforced until the statute of limitations expired. And I have already explained why these are not contingent debts — there are no contingencies, either anticipatory or after-the-fact, on which its legal collectability depends.
The reason this case is important is because the protections the majority believes exist in the bankruptcy courts are only as good as the human actors working in those courts. The majority notes, ante at 736, that “debtors filing for bankruptcy are usually represented by attorneys....” But “usually” does not mean always. In the Bankruptcy Court for the Northern District of Illinois, in the first five months of 2016 there were 19,291 bankruptcy filings; of that number, 1,748 (about 9%) were pro se. Over the course of a year, it is reasonable to' conclude that thousands of pro se litigants seek the services of that one court. They tend to be unsophisticated (that is often why they fell into financial trouble in the first place), and they easily could be buffaloed into thinking that every proof of claim represented a legal obligation, when the proof makes no mention of the limitations bar. It is unrealistic to think that the pro se litigant or the busy *741 trustee will catch every scheduled stale claim — claims presented in filings that do not, in the only respect pertinent here, provide “accurate and complete information” about the matter, because they are mum about the unenforceability of the debt. (Indeed, I would be surprised if very many non-lawyers understand what a statute of limitations is, much less what the difference is between a bar on recovery and extinguishment of a claim.)
My colleagues, ante at 737, accuse me of attacking a straw man when I highlight the possibility of abuse, particularly for pro se litigants. I beg to differ. They concede that the bankruptcy court will disallow the stale debt as soon as it learns about the limitations defense. Thus, as I indicated at the outset, the scheduling of this debt represents only the hope that it will slip through the cracks and be reborn as an allowed claim in bankruptcy. To the extent they are leaving the door open for an FDCPA claim when a bankruptcy petitioner (pro se or otherwise) is misled by the scheduling of the stale claim, I welcome that limitation, though its scope is unclear given the rationale the majority has adopted.
The majority stresses that there is an existing circuit split on this issue, and so we need only to line up on one side or the other. In keeping with our decisions in Phillips and McMahon, I would align this court with the Eleventh Circuit, see Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-60 (11th Cir. 2014), rather than the Second and Eighth, see Simmons v. Roundup Funding, LLC, 622 F.3d 93 (2d Cir. 2010); Nelson v. Midland Credit Mgmt., Inc., No. 15-2984, 828 F.3d 749, 2016 WL 3672073 (8th Cir. July 11, 2016). I would hold that the scheduling of a proof of claim on a debt that undisputedly is no longer collectible through judicial proceedings because the statute of limitations has expired violates the FDCPA.
I respectfully dissent.