DIAZ, Circuit Judge,
dissenting:
I join Part III of the majority opinion, which concludes that filing a proof of claim is debt-collection activity regulated by the Fair Debt Collection Practices ■ Act (FDCPA), 15 U.S.C. § 1692 et seq.
And while I agree that Atlas’s time-barred claim is a “claim” under the Bankruptcy Code (as the majority concludes in Part PV.A), I cannot agree that Atlas’s alleged conduct is consistent with the FDCPA (or the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law § 14-201 et seq.).[1] Atlas buys the time-barred debt of people in bankruptcy and tries to collect by filing proofs of claim in their bankruptcy proceedings. As Atlas concedes, these claims should fail — the debt is unenforceable in court. But, absent objection, the Bankruptcy Code automatically allows all properly filed claims. 11 U.S.C. § 502. So Atlas plays the odds, representing itself as entitled to part of the debtors’ estates. If someone notices the claims and objects, as happened here, Atlas grins sheepishly — “You caught me!” — and admits that the claim is merit-less. But if the claim slips through, Atlas uses the bankruptcy court to garner a payoff on unenforceable debts. In my view, this sharp practice is misleading and unfair to debtors and other creditors, and it gives rise to a cause of action under the FDCPA.
Moreover, I would hold that the Bankruptcy Code does not impliedly repeal the FDCPA or preempt the MCDCA. Accordingly, I would vacate the opinion of the district court and remand for further proceedings.
I.
The FDCPA aims to “protect[ ] consumers from abusive and deceptive practices by debt collectors, and ... non-abusive debt collectors from competitive disadvantage.” United States v. Nat’l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). The statute prohibits a wide variety of collection tactics, including the use of “any false, deceptive, or misleading representation or means” of debt collection, 15 U.S.C. § 1692e, and “unfair or unconscionable means to collect or attempt to collect any debt,” § 1692f.
Although the FDCPA enumerates specific examples of these broad prohibitions, it does so “[wjithout limiting [their] general application.” Id. For example, “[t]he false representation of ... the character, amount, or legal status of any debt” is a specific violation of the general ban on false, deceptive, or misleading representations. § 1692e(2)(A). But Congress chose not to limit the general prohibitions, to “enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.” Stratton v. Portfolio Recovery Assocs., LLC, 770 F.3d 443, 450 (6th Cir. 2014) (quoting S. Rep. *534 No. 95-382 at 4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695,1698).
One such court-imposed proscription applies to lawsuits to collect time-barred debt. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-60 & n.6 (11th Cir. 2014) (citing cases). Such lawsuits raise two major concerns in the consumer context. First, the “least sophisticated consumer” — from whose vantage point we view FDCPA communications, see Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 394 (4th Cir. 2014) — may be unaware of the existence of a statute-of-limitations defense and may therefore “unwittingly acquiesce to such lawsuits,” Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480, 1487 (M.D. Ala. 1987). Second, “the passage of time not only dulls the consumer’s memory of the circumstances and validity of the debt, but heightens the probability that [the consumer] will no longer have personal records detailing the status of the debt.” Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013) (quoting Kimber, 668 F.Supp. at 1487).
These same considerations support recognizing FDCPA liability for filing time-barred claims on unscheduled debts in bankruptcy.[2] Crawford, 758 F.3d at 1260-61. But see Nelson v. Midland Credit Mgmt., Inc., No. 15-2984, 828 F.3d 749, 752, 2016 WL 3672073, at *2 (8th Cir. July 11, 2016) (published opinion) (refusing to “extend[ ] the FDCPA to time-barred proofs of claim” because the Bankruptcy Code’s “protections against harassment and deception satisfy the relevant concerns of the FDCPA”). Here, where the proofs of claim provide enough information to determine the debt is time barred, the first consideration is of particular importance. An unsophisticated debtor reviewing a proof of claim may be unaware of the statute-of-limitations defense and — perhaps not appreciating the legal significance of even accurately listed last-transaction and charge-off dates — may nevertheless “acquiesce” to the claims.
While some courts have found the role of the bankruptcy trustee in weeding out time-barred claims critical in distinguishing the bankruptcy context from civil lawsuits, see, e.g., Nelson, 828 F.3d at 751-52, 2016 WL 3672073, at *2,1 am not persuaded. At best, a debt collector who files such a claim wastes the trustee’s time. At worst, the debt collector catches the trustee asleep at the switch and collects on an invalid claim to the detriment of other creditors and, in many cases, the debtor. In either case, the debt collector misleadingly represents to the debtor that it is entitled to collect through bankruptcy when it is not.
Moreover, there is reason to doubt the efficacy of the trustee as a vigilant steward of the debtor’s estate. See, e.g., In re Edwards, 539 B.R. 360, 365 (Bankr. N.D. Ill. 2015) (“Chapter 13 trustees in this district do not object to proofs of claim based on statute of limitations defenses. This is not surprising because objecting to claims based on affirmative defenses would require trustees to examine the details of virtually every unsecured proof of claim, which is simply impracticable.”). Indeed, if trustees performed their duties flawlessly, Atlas would have little incentive to engage in its scheme.
Like filing a lawsuit on time-barred debt, Atlas’s alleged debt-collection activity in this case is precisely the sort of unfair and misleading practice that Congress intended the courts to recognize as a violation. After the debtors entered bankruptcy, Atlas bought their debts, or rather, *535 as the bill of sales said, “charged-off receivables.” J.A. 58, 132, 148. All of these charged-off debts were more than five-years old, well outside Maryland’s three-year statute of limitations. Nevertheless, Atlas filed proofs of claim to recover the unenforceable debts in the bankruptcy court. The relevance of the statute of limitations was not lost on Atlas, which included the following notice on two of the three proof-of-claim forms it filed: “This proof of claim is being filed pursuant to 11 USC Secs. 101(5), 501(a) and 502(b) as said claim may be outside of the statute of limitations.” J.A. 55, 140. Section 502(b) explains that if a claim is objected to, the court will allow the claim “except to the extent that ... such claim is unenforceable against the debtor and the property of the debtor, under any agreement or applicable law.” § 502(b)(1). In short, Atlas knew exactly what it was doing — exploiting a weakness in the bankruptcy system and preying on potential error to collect on debts where it should not. The practice subverts a core purpose of bankruptcy by diverting estate assets from the creditors entitled to receive them.
Atlas rather stunningly argues that it is doing a public service: “[B]ut for Atlas’ filing of its proofs of claim, those debts would not be subject to discharge and at the conclusion of Appellants’ chapter 13 cases, Atlas could restart collection activity with respect thereto so long as it does not otherwise violate the FDCPA.” Appellee’s Br. at 40. Really? While the statement is literally true, the (unintended) possibility that the time-barred debts will be disallowed and discharged hardly justifies Atlas’s tactics. Moreover, that the debtors did not schedule the debts is some evidence that collection efforts have stopped. And it would not be surprising if they had; the time for enforcement has passed, and the combination of the statute of limitations and the FDCPA seriously limits what a debt collector can do to recover old debts. Ideally, debtors would remember all their old debts, realize they were time barred, schedule them as disputed, and see that they were disallowed. But the FDCPA asks what the least sophisticated consumer would do, not the ideal one. Atlas’s conduct games the bankruptcy process; it does not ensure its integrity.
Accordingly, I would hold that Atlas’s conduct constitutes a violation of the FDCPA. Such a holding would not impose a great burden on debt collectors. “[A] debt collector is not liable in an action brought under the [FDCPA] if [it] can show ‘the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.’ ” Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010) (quoting 15 U.S.C. § 1692k(c)). Atlas and other debt collectors can avoid FDCPA liability by putting in place a reasonable procedure to screen unscheduled, time-barred claims — if Atlas already has such a procedure, it can prove it in the district court.
H.
Because the majority determines that the FDCPA does not reach Atlas’s conduct, it does not address the question whether — if the FDCPA on its own terms would apply to the filing of time-barred claims — the Bankruptcy Code nevertheless precludes such an action. To determine whether two federal statutes are compatible, we employ ordinary statutory interpretation principles. See POM Wonderful LLC v. Coca-Cola Co., — U.S.-, 134 S.Ct. 2228, 2236, 189 L.Ed.2d 141 (2014). Because the circuits are split on this issue and the arguments have been made extensively on both sides, I explain briefly my *536 position that the two statutes do not conflict in this instance.
The Second and Ninth Circuits have concluded that the Bankruptcy Code precludes certain FDCPA suits. Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95-96 (2d Cir. 2010) (rejecting an FDCPA claim brought during the pendency of bankruptcy proceedings for the filing of an inflated proof of claim); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510-11 (9th Cir. 2002) (barring an FDCPA claim for post-bankruptcy debt collection in violation of the discharge order). Both rely on the comprehensive provisions and protections of the Bankruptcy Code to hold that it leaves no room for FDCPA claims. Simmons, 622 F.3d at 96; Walls, 276 F.3d at 510.
The Third, Seventh, and Eleventh Circuits have rejected the notion that FDCPA actions may not be brought in the context of bankruptcy. Johnson v. Midland Funding LLC, 823 F.3d 1334, 1341-42 (11th Cir.2016) (published opinion) (holding that the Bankruptcy Code does not impliedly repeal FDCPA actions for filing proofs of claim on time-barred debt); Simon v. FIA Card Servs., N.A., 732 F.3d 259, 274 (3d Cir. 2013) (permitting an FDCPA claim for the violation of the Bankruptcy Code’s subpoena requirements); Randolph v. IMBS, Inc., 368 F.3d 726, 730-31 (7th Cir. 2004) (comparing the FDCPA and Bankruptcy Code and concluding they are compatible). In the view of these courts, the statutes do not expressly contradict one another, nor are they in “irreconcilable conflict” because “any debt collector ean comply with both simultaneously.” Randolph, 368 F.3d at 730; accord Johnson, 823 F.3d at 1340-42; Simon, 732 F.3d at 273-74; see also Nat’l Ass’n of Home Builders v. Defs. of Wildlife, 551 U.S. 644, 662, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007) (“While a later enacted statute ... can sometimes operate to amend or even repeal an earlier statutory provision ..., ‘repeals by implication are not favored’ and will not be presumed unless the ‘intention of the legislature to repeal [is] clear and manifest.’ ” (third alteration in original) (quoting Watt v. Alaska, 451 U.S. 259, 267, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981))).
I would side with the view of the Third, Seventh, and Eleventh Circuits, at least on the facts of this case. Atlas does not argue that the Bankruptcy Code expressly bars FDCPA remedies. Instead, it contends the statutes are irreconcilable: “[W]hat [the debtors] allege is prohibited by the FDCPA (the filing of a proof of claim with respect to a ‘stale’ debt) is expressly permitted by the Bankruptcy Code.” Appel-lee’s Br. at 34. But this argument is easily answered: Because the Bankruptcy Code does not obligate a creditor to file a proof of claim, a debt collector such as Atlas can comply with both statutes by not filing unscheduled, time-barred proofs of claim. See Johnson, 823 F.3d at 1341-42; Randolph, 368 F.3d at 730.[3]
This conclusion is buttressed by our holding, in a somewhat different posture, that an FDCPA claim may be brought during bankruptcy proceedings. Covert v. LVNV Funding, LLC, 779 F.3d 242, 246-48 (4th Cir. 2015). In Covert, debtors filed suit under the FDCPA and MCDCA after the completion of their bankruptcies, alleging that a creditor had unlawfully filed proofs of claim without a debt-collection license. Id. at 245. We found the claims barred by res judicata because the debtors failed to raise them during the bankruptcy. Id. at 247-48. Because res judicata applies to unraised claims only if they “could have *537 been adjudicated in an earlier action,” id. at 246, we necessarily determined that the debtors “could ... have brought their affirmative claims for damages [under the FDCPA and MCDCA] during the bankruptcy process under Federal Rule of Bankruptcy Procedure 7001(1), which provides that ‘a proceeding to recover money or property may be brought as an adversary action,” id. at 248. Similarly, I would hold that the Bankruptcy Code does not preclude or preempt the filing of the FDCPA and MCDCA claims in this case.
III.
Because I believe the debtors state a claim under the FDCPA (and MCDCA), I would reverse and remand for further proceedings.

. I join the majority in analyzing the FDCPA and MCDCA claims together, as the parties do.

. As the debtors concede, their case might be different had they scheduled these debts with the bankruptcy court, an action that might be seen as an invitation to a creditor to file a claim.

. For similar reasons, I would hold that the Bankruptcy Code does not preempt the MCDCA.