Garfield v. Ocwen Loan Servicing, LLC

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2015

Argued: October 20, 2015          Decided: January 4, 2016

Docket No. 15-527

- - - - - - - - - - - - - - - - - - - - - - - - - - -

DONNA GARFIELD,
    Plaintiff-Appellant,

        v.

OCWEN LOAN SERVICING, LLC,
    Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, WINTER, and CABRANES, Circuit Judges.

Appeal from the January 26, 2015, judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, District Judge), dismissing claims brought under the Fair Debt Collection Practices Act for seeking to collect a debt discharged in bankruptcy, and requiring the plaintiff to seek relief in the bankruptcy court.

Judgment reversed and case remanded with instructions to reinstate the FDCPA claims.

Kenneth R. Hiller, Law Offices of Kenneth Hiller, PLLC, Amherst, NY, for Appellant.

Gary Neal Smith, Houser & Alison, APC, Newark, NJ, for Appellee.

(Daniel L. Geyser, Stris & Maher LLP, Los Angeles, CA, for *amicus curiae* National Association of Consumer Bankruptcy Attorneys, in support of Appellant.)

JON O. NEWMAN, Circuit Judge.

The principal issue on this appeal is whether a debtor who has received a claim on a debt that has been discharged in a bankruptcy proceeding can sue the claimant in a district court under the Fair Debt Collection Practices Act ("FDCPA") or must seek relief in the bankruptcy court. The issue arises on an appeal by Plaintiff-Appellant Donna Garfield from the January 26, 2015, judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, District Judge), in favor of Defendant-Appellee Ocwen Loan Servicing, LLC ("Ocwen"). The judgment dismissed Garfield's complaint alleging various causes of action under the FDCPA.

We conclude that Garfield may pursue her FDCPA claims in a district court and therefore reverse and remand.

Background

The complaint alleges the following facts, which are assumed to be true on this appeal from dismissal for failure to state a claim on which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Garfield obtained a mortgage from Ocwen's predecessor-in-interest, Litton Loan Servicing L.P. and became personally obligated on a mortgage loan. Garfield failed to make payments on the mortgage loan and filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Western District of New York. During the bankruptcy proceedings, Ocwen acquired Garfield's mortgage loan.

Under her bankruptcy plan, Garfield paid the arrears on her mortgage loan through monthly payments made during the bankruptcy proceeding. Critical to the pending appeal, in August 2013 she obtained a discharge of her entire personal obligation for the mortgage loan.[1] However, Garfield agreed

---

[1] Garfield's claim that her personal obligation on the mortgage debt was discharged is inferable from her complaint, but not precisely stated. The complaint alleges that Garfield's "bankruptcy was discharged," ¶ 14, and that Ocwen reported to Equifax that she "still owed the amount which was included in her Chapter 13 bankruptcy," ¶ 19. Her brief in this Court explicitly alleges that her debt "had been discharged in her prior bankruptcy case," Br. for Appellant 1, and that "the Bankruptcy Court entered an order discharging Plaintiff's indebtedness on all of the debts

to pay $938 per month to prevent foreclosure of the mortgaged property.[2]

Garfield concedes that she made only one monthly payment after her bankruptcy discharge and that by March 2014 the arrears on her monthly obligation totaled $6,672.34. In February 2014 Ocwen contacted Garfield and demanded that she pay $21,825.15 or face foreclosure on her home. Ocwen sent a delinquency notice in April 2014 for $22,684.36. These amounts reflected both Garfield's conceded arrears for post-bankruptcy monthly payments and the mortgage loan arrears that had been discharged. Ocwen also reported to Equifax that Garfield owed the discharged amount.

In July 2014, Garfield filed her FDCPA complaint against Ocwen in the United States District Court for the Western District of New York. She alleged that Ocwen's attempt to collect the arrears on her mortgage loan, which

---

listed on her bankruptcy petition, including her debt to Ocwen," *id.* 3-4 (citing Complaint ¶ 14).

[2] Ocwen contends that it is only the "servicer" of Garfield's mortgage, "not the owner of the security instrument," and "is not a secured creditor enforcing a valid security interest." Br. for Appellee 27 n.8. Ocwen does not dispute that Garfield's failure to make required payments risks foreclosure.

had been discharged,[3] violated several provisions of the FDCPA: 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(8), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692g(a)(3).

Garfield also alleged that Ocwen violated the FDCPA in the manner it attempted to collect the post-bankruptcy monthly mortgage payments that she concedes she owes. Specifically, she alleges (1) that Ocwen violated subsection 1692e(11), which requires a so-called "mini-*Miranda* warning," during conversations with a debtor, and (2) that Ocwen failed to send within five days of its initial communications a 30-day notice of a debtor's right to dispute a debt, as required by subsection 1692g(a)(3).

The District Court dismissed Garfield's complaint. The Court held that the Bankruptcy Code provides the exclusive remedy for Garfield's claim that Ocwen attempted to collect

---

[3] The Bankruptcy Code's discharge provision, 11 U.S.C. § 524, provides in relevant part that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act[] to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharged of such debt is waived." *Id.* § 524(a)(2).

5

an allegedly discharged debt.[4] The Court also stated that, even if the Code does not broadly preclude all FDCPA claims for conduct that violates the discharge injunction, Garfield's particular FDCPA claims conflict with the Code's remedies and were therefore precluded.

# Discussion

## I. Implied Repeal of All FDCPA Provisions Invoked for Claims After Discharge

The District Court held that the Bankruptcy Code precludes all claims under the FDCPA for conduct that violates a discharge injunction. Acknowledging Garfield's argument that the Supreme Court "should only rarely infer statutory repeal," the District Court ruled that "many of Plaintiff's allegations directly conflict with the Bankruptcy Code's discharge injunction provisions."

When it is claimed that a later enacted statute creates an irreconcilable conflict with an earlier statute, the question is whether the later statute, by implication, has repealed all or, more typically, part of the earlier statute. *See National Ass'n of Home Builders v. Defenders of*

---

[4] Specifically, it held that the appropriate means to redress conduct that violates the discharge injunction is a motion for contempt filed in the bankruptcy court under 11 U.S.C. § 105(a).

*Wildlife*, 551 U.S. 644, 662-63 (2007). Repeal by implication is disfavored. "In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." *Morton v. Mancari*, 417 U.S. 535, 550 (1974).

Where, as in this case, the later statute is the Bankruptcy Code,[5] a distinction must be made between claims brought under the earlier statute *during* the pendency of a bankruptcy proceeding and those brought *after* a discharge. Four circuits have considered FDCPA claims brought during the pendency of a bankruptcy proceeding.

Our Court has ruled that the FDCPA does not authorize suit during the pendency of bankruptcy proceedings. *See Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010). This ruling appears to construe FDCPA provisions to be inapplicable when invoked for claims made during bankruptcy, rather than determine that such provisions have

---

[5] The subsections of the FDCPA under which Garfield makes claims, with one exception discussed below, *see* note 11*, infra,* were enacted on September 20, 1977, and came into effect on March 20, 1978. *See* Pub. L. No. 95-109, §§ 807, 808, 809, 91 Stat. 874, 877, 879 (1977). The current version of the discharge injunction, 11 U.S.C. § 524(a), was enacted on November 6, 1978. *See* Pub. L. No. 95-958, 92 Stat. 2549, 2592 (1978).

been impliedly repealed by the provision of the Bankruptcy Code authorizing a discharge injunction. *See id.* at 94. Our Court's opinion does not include the word "repeal."

In *Simmons*, the debtors, while engaged in a bankruptcy proceeding, objected to the amount of a creditor's proof of claim, which the bankruptcy court reduced. The debtors then brought a putative class action, contending that the creditor's filing of an inflated proof of claim violated the FDCPA. *See id.* The creditor moved to dismiss, arguing that the Bankruptcy Code exclusively provides whatever remedies exist for filing an inflated proof of claim. *See id.*

Affirming dismissal of the complaint, we said, "The FDCPA is designed to protect defenseless debtors" and "[t]here is no need to protect debtors who are already *under the protection of the bankruptcy court." Id.* at 96 (emphasis added). Noting that some courts had broadly rejected all FDCPA claims (even claims filed after discharge) predicated on acts alleged to have violated the Bankruptcy Code, we observed that "[t]his broader rule has not been universally accepted, and we are not compelled to consider it in this case." *Id.* at 96-97 n.2 (citation omitted).[6]

---

[6] In a non-precedential decision, *Yaghobi v. Robinson*, 145 F. App'x 697 (2d Cir. 2005), we affirmed the dismissal

8

The Ninth Circuit has ruled that the Bankruptcy Code precludes FDCPA claims brought during the pendency of bankruptcy proceedings. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 511 (9th Cir. 2002). This Court, like the District Court in the pending appeal, appears to have said "precludes" FDCPA claims to reflect that the FDCPA provisions invoked for such claims have been repealed by implication with respect to conduct that violates the discharge injunction.

Two circuits have ruled to the contrary. In *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004), the debtors brought FDCPA claims against creditors for seeking to collect debts in violation of the automatic stay. The creditors asserted that the Bankruptcy Code's remedies for violations of the automatic stay, *see* 11 U.S.C. § 362(h) (now § 362(k)), precluded relief under the FDCPA.

---

of claims, alleging violations of a discharge injunction, brought in a district court under the Bankruptcy Code's contempt provision, 11 U.S.C. § 105(a), the Code's discharge provision, *id.* § 524, the FDCPA, and state law provisions. After affirming dismissal of claims brought under the Bankruptcy Code's provisions, we also affirmed the dismissal of "plaintiff's parallel federal and state unfair debt collection practice claims," adding, "We need not here decide whether debtors in bankruptcy can ever maintain such claims based on violations of the Bankruptcy Code," noting the circuit split discussed above. *See id.* at 698.

9

The Seventh Circuit acknowledged that there were some "operational differences between the statutes," but stated that these differences constituted "overlap" between the statutes rather than "irreconcilable conflict," *id.* at 730, and that "[o]verlapping statutes do not repeal one another by implication," *Id.* at 731. "The Bankruptcy Code of 1986 does not work an implied repeal of the FDCPA, any more than the latter Act implicitly repeals itself." *Id.* at 732.

Judge Easterbrook helpfully assembled a chart comparing the statutes' differing treatment of conduct that violates both the automatic stay and the FDCPA:

| | Bankruptcy | FDCPA |
|---|---|---|
| Who | Anyone | Debt collector only |
| Scienter | Willfulness | Strict liability (§ 1692e(2)(A) |
| Defense | None | Bona fide error plus due care (§ 1692k(c)), or reliance on FTC opinion (§ 1692k(e)) |
| Statutory Damages | None | $1,000 maximum (§ 1692k(a)(2)(A) |
| Compensatory Damages | Yes | Yes (§ 1692k(a)(1)) |
| Punitive Damages | Yes | No |
| Cap on Class Recovery | No | Yes (§ 1692k(a)(2)(B)(ii)) |

| | | |
|---|---|---|
| Maximum recovery | No | Yes, $500,000 or 1% of net worth, whichever is less (§ 1692k(a)(2)(B)(ii)) |
| Attorneys' fees to debtor | No | Yes (§ 1692k(a)(3)) |
| Attorneys' fees to creditor | No | Yes (§ 1692k(a)(3)) |
| Statute of limitations | None (laches defense only) | One year (§ 1692k(d)) |

*Id.*

The Seventh Circuit concluded, "It is easy to enforce both statutes, and any debt collector can comply with both simultaneously." *Id*.

The Third Circuit has also ruled against implied repeal of FDCPA provisions invoked for claims brought during the pendency of bankruptcy proceedings, *see Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 274 (3d Cir. 2013), concluding that the Bankruptcy Code effected "no broad preclusion" of FDCPA claims, *id.* at 278.

The pending appeal concerns FDCPA claims brought *after* discharge, the context we explicitly distinguished in *Simmons*. Now facing the issue of implied repeal of FDCPA provisions invoked for claims in the post-discharge context, we conclude that the Bankruptcy Code does not broadly repeal the FDCPA for purposes of FDCPA claims based on conduct that would constitute alleged violations of the discharge

11

injunction. No irreconcilable conflict exists between the post-discharge remedies of the Bankruptcy Code and the FDCPA. There is no reason to assume that Congress did not expect these two statutory schemes to coexist in the post-discharge context. The Seventh Circuit's analysis of FDCPA and Bankruptcy Code provisions, although leading that Court to a result that differs from our *Simmons* decision in the pre-discharge context, argues against preclusion of FDCPA claims after discharge. At that point the former debtor no longer has the "protection of the bankruptcy court," *Simmons*, 622 F.3d at 96, which we deemed decisive on the preclusion issue prior to discharge. Indeed, the Bankruptcy Code provision concerning the discharge injunction, *see* 11 U.S.C. § 524(a)(2), does not explicitly create a cause of action for its violation, whereas the automatic stay provision provides such a remedy, *see id.* § 362(k).[7]

---

[7] In noting this distinction, we do not decide whether the discharge injunction provision should be construed implicitly to create a cause of action for its violation, in addition to a contempt remedy. *See* 11 U.S.C. § 105(a); *Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439, 445 (1st Cir. 2000) (discharge injunction enforceable by contempt proceeding).

## II. Implied Repeal of Specific FDCPA Provisions Invoked for Claims After Discharge

Even though the Bankruptcy Code does not impliedly repeal all FDCPA provisions to remedy conduct that violates the discharge injunction, it might impliedly repeal some specific provisions invoked to remedy such conduct. Ocwen focuses first on Garfield's claim that Ocwen's failure to provide a so-called "mini-*Miranda*" warning in its initial communication violated subsection 1692e(11) of the FDCPA.[8] This claim, Ocwen contends, irreconcilably conflicts with the Bankruptcy Code's post-discharge remedies.

In *Simon*, the Third Circuit held that the FDCPA could not require the creditor to include a mini-*Miranda* warning with its examination notice and subpoenas because a communication that included such a warning, sent prior to a

---

[8] Subsection 1692e(11) prohibits

"[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

13

discharge, would constitute a collection attempt forbidden by the automatic stay. *See* 732 F.3d at 279-80. Sending the notice and subpoenas prior to discharge did not violate the Bankruptcy Code. *See id.* The Third Circuit ruled that subsection 1692e(11) conflicted with the Bankruptcy Code because including the warning would violate the Code and omitting it would violate the FDCPA. *See id.* at 280.

This holding in *Simon*, however, whether or not we would agree with it, has no application to Garfield's subsection 1692e(11) claim. Ocwen's communication, even without a mini-*Miranda* warning, was an attempt to collect a discharged debt in violation of the Bankruptcy Code. The absence of a mini-*Miranda* warning also violated the FDCPA. There is no conflict.

Two of Garfield's FDCPA claims allege that Ocwen violated subsections 1692e(11) and 1692g(a)(3) in the manner that Ocwen sought to collect Garfield's delinquent post-bankruptcy monthly payments, which she agreed to make to avoid foreclosure. Subsection 1692g(a)(3) requires notice of an opportunity to dispute a debt.[9] Both of these subsections

_____

[9] Subsection 1692g(a)(3) provides:

"Within five days after the initial communication with a consumer in connection with the collection

14

regulate Ocwen's collection of debt that Garfield concedes she owes.

Garfield alleges that Ocwen sent her a bill on March 17, 2014, for her monthly payment as well as her arrears for post-discharge monthly payments missed from July 2013 to February 2014. She claims that Ocwen violated the mini-*Miranda* warning requirement of subsection 1692e(11) "during conversations with [her]," and that it violated subsection 1692g(a)(3) by failing to send a 30-day right-to-dispute notice within five days of the initial communication. These alleged violations do not conflict with any provisions of the Bankruptcy Code.[10]

of any debt, a debt collector shall . . . send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ."

[10] Had there been a conflict, the analysis with respect to subsection 1692e(11) would differ from that applicable to the FDCPA as a whole because this subsection was substantially reworded in a 1996 amendment, *see* Pub. L. 104-208 § 2305, 100 Stat. 3009 (Sept. 30, 1996), and therefore is a later statute compared to the injunction provision of the Bankruptcy Code. In the absence of a conflict, the sequence of these provisions need not be considered on the issue of implied repeal.

Ocwen challenges several of Garfield's other FDCPA claims on a somewhat perverse ground. These are Garfield's claims under subsections 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), all of which regulate collection of a debt. Subsection 1692e, for example, prohibits use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Ocwen contends that these provisions conflict with the Bankruptcy Code because, by regulating how to collect a debt, they imply that it can collect the discharged debt, an action that the discharge injunction prohibits. But, as Garfield responds, Ocwen can avoid violating both the cited provisions and the Bankruptcy Code simply by not attempting to collect the discharged debt. And once Ocwen tries to collect the discharged debt, it risks violation of both the cited provisions and the Bankruptcy Code. Either way, there is no conflict.

In sum, none of Garfield's individual FDCPA claims conflicts with the discharge injunction under the Bankruptcy Code.

III. Piecemeal Litigation

The District Court ruled that, even if some of Garfield's claims do not pose a conflict with the discharge

16

injunction, the Court should dismiss them and require Garfield to bring them in the Bankruptcy Court. The District Court relied on the "clear federal policy . . . [of] avoidance of piecemeal adjudication," Joint App'x at 39 (alteration in original), citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 819 (1976). That decision created a limited abstention doctrine in the context of ongoing, parallel state proceedings, which do not exist here. *See id.* at 817-18.

We do not rule out the unlikely possibility that in adjudicating a debtor's FDCPA claims, a district court might consider it useful to stay its proceedings to permit the plaintiff to seek clarification from a bankruptcy court as to the proper interpretation of some aspect of that court's rulings, including the discharge injunction. But the remote possibility of a need for such clarification provides no basis for routing all FDCPA claims exclusively into the bankruptcy court.

## Conclusion

The judgment of the District Court is reversed, and the case is remanded with instruction to reinstate Garfield's FDCPA claims against Ocwen.

17