FLAUM, Circuit Judge.
In each of these consolidated cases, a debt collector filed a proof of claim, defined as “a written statement setting forth a creditor’s claim,” Fed. R. Bankr. P. 3001(a), for a time-barred debt in a Chapter 13 bankruptcy proceeding. After successfully objecting to the proof of claim, the debtor sued the debt collector in federal court, alleging that the act of filing a proof of claim on a stale debt violates §§ 1692e and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (“FDCPA”). In each case, the district court granted the defendant debt collector’s motion to dismiss. For the reasons that follow, we affirm those decisions.
I. Background
The three consolidated cases currently before us are similar in material respects. In each case, a debtor filed for bankruptcy under Chapter 13 of the Bankruptcy Code.[1] The debtor was represented by counsel throughout the proceedings. In addition, a trustee was assigned to the case.
During the bankruptcy proceedings, a debt collector submitted a proof of claim for a “stale” debt, or a debt for which the statute of limitations had expired.[2] The debt collector was not the original creditor, but instead a professional debt buyer who had purchased the stale obligation at a fraction of the debt’s face value. As required by Federal Rule of Bankruptcy Procedure 3001, the proof of claim filed by the debt collector accurately noted the origin of the debt, the date of the last payment on the debt, and the date of the last transaction.
Realizing that the debt was time-barred and thus subject to an affirmative defense, the debtor objected to the claim, which was disallowed and eventually discharged. Shortly thereafter, the debtor brought a separate suit in federal court against the debt collector, alleging that the act of filing a proof of claim on a time-barred debt constituted a false, deceptive, misleading, unfair, or unconscionable means of collecting a debt in violation of §§ 1692e and 1692f of the FDCPA.
In each case, the district court granted defendant’s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Two of the decisions — Owens and Birtchman— involved the same defendant and were decided on the same day by the same district court judge. In those decisions, the district court rejected the argument that the act of filing a proof of claim was deceptive or unfair, noting that the defendant was entitled to do so under the Bankruptcy Code. The district court also observed that defendant’s proof of claim was complete, accurate, and provided the date of the final payment; as such, the court concluded that the proof of claim was not false or misleading.
In Robinson, the district court likewise dismissed the plaintiffs complaint under Rule 12(b)(6), holding that filing a proof of claim on a time-barred debt was not a deceptive, false, or misleading debt collection practice. The plaintiff then filed an *730 amended complaint in which she added additional allegations under the FDCPA. The district court dismissed the amended complaint as well, holding that the confirmation of plaintiffs bankruptcy plan barred her FDCPA claims under the doctrine of res judicata. The plaintiffs in all three cases appeal.
II. Discussion
Plaintiffs contend that the district courts erred by granting defendants’ motions to dismiss. They maintain that filing a proof of claim on a stale debt misleads the debt- or about the legal status of the debt and thus violates the FDCPA’s prohibition against false, deceptive, misleading, unfair, and unconscionable debt collection practices.[3] Their argument has two components. First, plaintiffs allege that the act of filing a proof of claim on a time-barred debt is inherently misleading because “claim” is defined to include only legally enforceable obligations. In other words, plaintiffs contend that because the claim process in bankruptcy is reserved for enforceable obligations, filing a proof of claim on a stale debt falsely cloaks the underlying obligation with an air of legitimacy. Second, plaintiffs contend that filing a stale proof of claim is deceptive because, in practice, the debtor and his attorney sometimes fail to object to the claim, allowing the debt collector to collect on an unenforceable obligation. Plaintiffs rely on our case law holding that the FDCPA prohibits creditors from filing lawsuits to collect on stale debts. Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013). They allege that the rationale for this holding also applies in the bankruptcy context.
We review a dismissal under Rule 12(b)(6) de novo, accepting well-pleaded allegations in the complaint as true and drawing all reasonable inferences in the light most favorable to the plaintiffs. Parish v. City of Elkhart, 614 F.3d 677, 679 (7th Cir. 2010).
A. Definition of “Claim”
As an initial matter, we disagree with plaintiffs’ assertion that the term “claim” includes only legally enforceable obligations, and that filing a proof of claim on a stale debt is therefore per se illegal under the FDCPA. The Bankruptcy Code broadly defines a “claim” as a “right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]” 11 U.S.C. § 101(5)(A). It would be strange to interpret “claim” as excluding legally unenforceable obligations when two of the enumerated examples — “contingent” and “unmatured” claims — afford the creditor no collection right under state law when the claim is filed with the bankruptcy court.[4] See, e.g., In re Chi, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1192 (7th Cir. 1993) (noting that contin *731 gent claims exist even before a cause of action has accrued).
Moreover, a “claim” is defined as a right to payment. § 101(5)(A). In most jurisdictions, including Illinois and Indiana, the expiration of the statute of limitations period does not extinguish the underlying debt. See Mascot Oil Co. v. United States, 42 F.2d 309, 311 (Ct. Cl. 1930), aff'd, 282 U.S. 434, 51 S.Ct. 196, 75 L.Ed. 444 (1931) (“[T]he statute of limitations or other bar against a remedy for the collection of a debt does not extinguish the liability therefor.”); Donaldson v. LVNV Funding, LLC, 97 F.Supp.3d 1033, 1039 (S.D. Ind. 2015) (“It is true that [the creditor] cannot file a lawsuit, but it is the law in Indiana that the debt is still owed. The statute of limitations does not extinguish the debt, it merely limits avenues of collection.”); Fleming v. Yeazel, 379 Ill. 343, 40 N.E.2d 507, 508 (1942) (“[T]he statute of limitations controls the remedy for recovery of the debt, but the debt remains the same as before, excepting that the remedy for enforcement is gone.” (citation omitted)). In other words, a time-barred debt is still a debt, even if the creditor cannot file a collection suit. See Pearl-Phil GMT (Far E.) Ltd. v. Caldor Corp., 266 B.R. 575, 581 (S.D.N.Y. 2001) (“Thus, under the Code, a right to payment need not be currently enforceable in order to constitute a claim.”). We have also held that the fact that the statute of limitations has run does not mean that all avenues of collection are prohibited. See McMahon v. LVNV Funding, 744 F.3d 1010, 1020 (7th Cir. 2014) (holding that it is not “automatically improper for a debt collector to seek re-payment of time-barred debts” so long as the debt collector does not use deceptive practices). Implicit in this holding is the understanding that a creditor with a stale debt retains some right to payment, even if recourse is only grounded in the debtor’s moral obligation to pay. Id. (observing that “some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished”).
Therefore, a “claim” in bankruptcy is “more extensive than the existence of a cause of action that entitles an entity to bring suit.” In re Keeler, 440 B.R. 354, 362 (Bankr. E.D. Pa. 2009) (citing In re Remington Rand Corp., 836 F.2d 825, 831-32 (3d Cir. 1988)); In re Grossman’s, 607 F.3d 114, 121 (3d Cir. 2010) (holding that a “claim” can exist in bankruptcy notwithstanding an inability to commence an action under state law at the time of filing). Further support for this interpretation comes from the claim allowance process set forth in the Bankruptcy Code, which has been described as a “sifting process.” Gardner v. New Jersey, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947); see also Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (describing the claim allowance process). Once a debtor files for bankruptcy, a bankruptcy estate is created that consists of “all legal. or equitable interests of the debtor.... ” 11 U.S.C. §§ 541(a)(1); 1306(b). A creditor who wishes to collect on a debt may file a proof of claim, or “a written statement setting forth a creditor’s claim.” Fed. R. Bankr. P. 3001(a); Travelers, 549 U.S. at 449, 127 S.Ct. 1199 (“When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim.... ”). A proof of claim “constitute^] prima facie evidence of the validity and the amount of the claim,”[5] but not all claims are entitled *732 to payment. Fed. R. Bankr. P. 3001(f). Importantly, the bankruptcy court must, upon an objection by a party in interest, disallow any claim that “is unenforceable against the debtor ... under any agreement or applicable law[.j” 11 U.S.C. § 502(b)(1). Furthermore, the Code specifically enumerates statutes of limitation as one means of proving the unenforceability of a claim. § 558; see also In re Keeler, 440 B.R. at 360 (“Therefore, if as of the date of the debtor’s bankruptcy filing a creditor’s claim was barred by the applicable statute of limitations, then the claim must be disallowed upon objection by a party in interest.”).
Thus, the Bankruptcy Code contemplates that creditors will file proofs of claim for unenforceable debts — including stale debts — and that the bankruptcy court will disallow those claims upon the debtor’s objection. Indeed, filing a proof of claim allows the debt to be processed in the bankruptcy proceeding, which is intended to be all-encompassing. In re Am. Reserve Corp., 840 F.2d 487, 489 (7th Cir. 1988) (“The principal function of bankruptcy law is to determine and implement in a single collective proceeding the entitlements of all concerned.”); In re Glenn, 542 B.R. 833, 841 (Bankr. N.D. Ill. 2016) (“Above all, bankruptcy is a collective process, designed to gather together the assets and debts of the debtor and to effect an equitable distribution of those assets on account of the debts. The more participation there is; the better this process works.” (citing Levit v. Ingersoll Rand Fin. Corp., 874 F.2d 1186, 1194 (7th Cir. 1989))); 1 NoRton Bankr. L. & Prac. 3d § 3:9 (2016) (“A fundamental principle of the bankruptcy process is the collective treatment of all of a debtor’s creditors at one time.”). In fact, sometimes even Chapter 13 debtors — such as plaintiff Owens — list stale debts in the schedule of unsecured debts that they file with the bankruptcy court. This is because debts that are not brought to the bankruptcy court’s attention (either by the debtor or by the creditor who .files a proof of claim) will not be discharged, see 11 U.S.C. § 1328(a), and a debt that is not discharged remains collectible, although the avenues for collection are limited. See McMahon, 744 F.3d at 1020.[6]
*733 It is true that debtors may fail to object to a proof of claim for a stale debt. When that occurs, the debt becomes part of the confirmed bankruptcy plan and the debtor is required to pay a portion of it. To reduce the risk of this outcome, creditors are required to include details about the status and origin of the debt on the proof of claim form. Fed. R. Bankr. P. 3001(c)(3). The most recent revision to the Federal Rules of Bankruptcy Procedure explains:
Because a claim [based on consumer credit debts] may have been sold one or more times prior to the debtor’s bankruptcy, the debtor may not recognize the name of the person filing the proof of claim. Disclosure of the information required [under Rule 3001(c)(3) ] will assist the debtor in associating the claim with a known account. It will also provide a basis for assessing the timeliness of the claim.
Fed. R. Bankr. P. 3001, Advisory Committee Notes (emphasis added).
These established procedures — the filing of the proof of claim, the opportunity to object, and the required disclosure on the proof of claim form — confirm that the Bankruptcy Code anticipates that creditors will file proofs of claim on stale debts. Nonetheless, plaintiffs maintain that we should rely on their limited interpretation of “claim.” The only support for their argument comes from a statement made in dicta by the U.S. Supreme Court in Pennsylvania Department of Public Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). In that case, the Court explained that a claim is a “right to payment,” and “a ‘right to payment’ is nothing more nor less than an enforceable obligation_” Id. at 559, 110 S.Ct. 2126.
Plaintiffs take this statement out of context. Davenport considered whether restitution obligations imposed in state criminal 'proceedings were “debts” as defined by 11 U.S.C. § 101(11). Id. at 558, 110 S.Ct. 2126. Because “debt” is defined as “liability on a claim,” the Court looked to the definition of “claim,” which is defined as a “right to payment.” Id. (quoting § 101(4)(A)). The petitioners argued that a restitution order could not represent a “right to payment” because the obligation could only be enforced by threatening to revoke probation, and not in civil proceedings. Id. at 558-59, 110 S.Ct. 2126. The Supreme Court rejected petitioners’ argument that the reason for an obligation or the way that it was enforced could take it outside of the statutory definition of “claim.” Id. at 560, 110 S.Ct. 2126. In so doing, the Court noted that a right to payment is “nothing more nor less than an enforceable obligation[.]” Id. at 559, 110 S.Ct. 2126.
Taken in context, it is apparent that this statement was not intended to address the issue of whether a “claim” includes only enforceable obligations. See Johnson v. Midland Funding, LLC, 528 B.R. 462, 466-67 (S.D. Ala. 2015), rev’d on other grounds, 823 F.3d 1334 (11th Cir. 2016) (noting that Davenport “cannot plausibly be read for the proposition that a ‘right to payment’ ... ceases to exist the moment the statute of limitations expires”). Moreover, the Supreme Court’s treatment of this subject in other cases conflicts with plaintiffs’ interpretation.
The Supreme Court has repeatedly recognized that Congress intended for the term “claim” to have “the broadest possible definition.” Davenport, 495 U.S. at 563-64, 110 S.Ct. 2126 (internal quotation marks omitted); see also FCC v. NextWave Pers. Commc’ns Inc., 537 U.S. 293, 302, 123 S.Ct. 832, 154 L.Ed.2d 863 (2003); Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); Ohio v. Kovacs, 469 U.S. 274, 279, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985). In Home State Bank, the Supreme Court explored *734 the legislative background and history of the Code in evaluating whether a mortgage interest could be characterized as a “claim.” Id. at 85-87, 111 S.Ct. 2150. The Court observed that unlike the modern Bankruptcy Code, the pre-1978 Code did not contain a single definition for claim, but defined a claim for purposes of corporate reorganizations as “including] all claims of whatever character against a debtor....” Id. at 85, 111 S.Ct. 2150 (alteration in original) (quoting 11 U.S.C. § 506(1) (1976)). The Court noted that in drafting a single definition of “claim” for the 1978 Code, Congress intended to “adop[t] an even broader definition of claim than [was] found in the [pre-1978 Act’s] debtor rehabilitation chapters.” Id. at 86, 111 S.Ct. 2150 (alterations in original) (quoting H.R. Rep. No. 95-595, at 309 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6266). Congress also explained: “By this broadest possible definition ... the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy case.” H.R. Rep. No. 95-595, at 309 (emphasis added). Indeed, since Davenport, the Supreme Court has clarified that a “claim” merely includes a right to payment, which is nothing more nor less than an enforceable obligation. See NextWave, 537 U.S. at 302-03, 123 S.Ct. 832.
We therefore decline to adopt plaintiffs’ limited interpretation of “claim” and hold that a proof of claim on a time-barred debt does not purport to be anything other than a claim subject to dispute in the bankruptcy case. Filing such a proof of claim is not inherently misleading or deceptive.
B. The FDCPA
The fact that the Bankruptcy Code permits creditors to file proofs of claim on stale debts does not conclusively answer the question presented in this case — whether defendants’ conduct violated the FDCPA. See Randolph v. IMBS, Inc., 368 F.3d 726, 731 (7th Cir. 2004) (holding that the Bankruptcy Code did not implicitly repeal the FDCPA). Thus, we must determine whether defendants’ attempts to collect on plaintiffs’ time-barred debts in bankruptcy were false, deceptive, or misleading under the FDCPA.
Plaintiffs argue that defendants’ conduct was deceptive or unfair because their business model depends on the reality that the debtor, the trustee, and the debtor’s attorney will sometimes fail to object to the stale claims. In other words, plaintiffs contend that creditors take advantage of the fact that the bankruptcy process will sometimes “break down and fail.” Plaintiffs rely on Phillips v. Asset Acceptance, LLC, in which we held that filing a state court lawsuit to collect on a time-barred debt violates the FDCPA. 736 F.3d at 1078. In Phillips, we explained that suing to collect on an old debt was misleading or deceptive because the consumer might not recall the debt or have evidence to mount a statute of limitations defense; in fact, an unsophisticated consumer might not even be aware of the statute of limitations defense. And “even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court....” Id. at 1079 (quoting Kirnber v. Fed. Fin. Corp., 668 F.Supp. 1480, 1487 (M.D. Ala. 1987)). Plaintiffs contend that these concerns are likewise present in the bankruptcy context.
There is a circuit split on the issue of whether filing a proof of claim on a stale debt in bankruptcy is a misleading or deceptive act prohibited by the FDCPA. In Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-60 (11th Cir. 2014), cert.
*735 denied, - U.S.-, 135 S.Ct. 1844, 191 L.Ed.2d 724 (2015), the Eleventh Circuit relied on Phillips to hold that it is. The Court reasoned that the act of filing the proof of claim “create[d] the misleading impression to the debtor that the debt collector can legally enforce the debt.” Id. at 1261. In so holding, the Eleventh Circuit relied on the “least sophisticated” consumer standard, which asks whether an unsophisticated consumer would be misled by the debt collector’s conduct. Id.
The Second Circuit reached a different conclusion in Simmons v. Roundup Funding, LLC, 622 F.3d 93, 94 (2d Cir. 2010). In that case, the debtor objected to an inflated proof of claim and the bankruptcy court ultimately reduced the claim by more than half. Id. at 95. The debtor then sued the creditor in federal court, alleging that the creditor violated the FDCPA by misrepresenting the amount of the debt. Id. The district court dismissed the suit and the Second Circuit affirmed. Id. The Second Circuit noted that federal district courts across the country have held that the act of filing a proof of claim in bankruptcy court is not an abusive debt collection practice proscribed by the FDCPA, even if the claim is invalid or unenforceable. Id. at 95-96. The Second Circuit reasoned that debtors who are under protection of the bankruptcy court do not need additional protection from debt collectors because the bankruptcy process affords sufficient remedies'for abuse. See id. at 96.[7] Recently, the Eighth Circuit relied on Simmons when rejecting a plaintiff-debtor’s request to extend the FDCPA to time-barred proofs of claim in a case with nearly identical facts to the cases currently before us. See Nelson v. Midland Credit Mgmnt., No. 15-2984, 828 F.3d 749, 2016 WL 3672073 (8th Cir. July 11, 2016).
Like the Eighth Circuit, we decline to follow the Eleventh Circuit’s approach. See id. at 751-52, 2016 WL 3672073 at *2. As an initial matter, we note that the concerns identified in Phillips regarding the misleading or deceptive nature of the conduct are less acute when a proof of claim is filed in bankruptcy, especially in a counseled case, as opposed to when a lawsuit is filed in state or federal court.[8] First, because the proof of claim is required to inform the debtor about the age and origin of the debt, the consumer need not have a memory of it or records documenting it to file an objection — the affirmative defense is evident on the face of the claim. See In re *736 LaGrone, 525 B.R. 419, 427 (Bankr. N.D. Ill. 2015) (“Under Bankruptcy Rule 3001(c)(3), a claim for credit card debt ... must list the creditor who held the debt at the time of the account holder’s last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss.... [Therefore,] a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired.”). Second, as in the cases before us, debtors filing for bankruptcy are usually represented by attorneys who are familiar with the statutes of limitations for different types of-debt. Even in other cases, when the debtor proceeds pro se, a bankruptcy trustee who is duty-bound to object to improper claims is appointed to oversee the proceedings. In addition, a debtor who has initiated bank- ' ruptcy proceedings and thus demonstrated a willingness to participate in them is unlikely to give in rather than fight the claim.[9]
Significantly, the Eleventh Circuit’s decision in Crawford is inapposite in light of our precedent. In Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769 (7th Cir. 2007), we held that the “unsophisticated consumer” standard is not appropriate when evaluating whether communications made to a debtor’s lawyer violated the FDCPA. Id. at 774. Rather, a court should evaluate whether the communications would be likely to mislead a competent lawyer. Id. at 775; see also Bravo v. Midland Credit Mgmt., Inc., 812 F.3d 599, 603 (7th Cir. 2016) (reaffirming the “competent attorney” standard).
It is undisputed that plaintiffs were represented by counsel at all stages of their bankruptcy proceedings. Further, as discussed, the bankruptcy process afforded additional protections, including the appointment of trustees who were duty-bound to “examine proofs of claims and object to the allowance of any claim that is improper.” 11 U.S.C. §§ 704(a)(5); 1302(b)(1). Therefore, we must evaluate defendants’ actions under a “competent attorney” standard. Bravo, 812 F.3d at 603.
We conclude that, under this standard, defendants’ conduct was not deceptive or misleading. Plaintiffs do not allege that the information contained in the proof of claim was misleading; instead, they admit that the proofs of claim set forth accurate and complete information about the status of the debts. See Donaldson, 97 F.Supp.3d at 1038 (“A factual, true statement about the existence of a debt and the amount ... is neither false nor deceptive.”); cf. Sheriff v. Gillie, - U.S.-, 136 S.Ct. 1594, 1601, 194 L.Ed.2d 625 (2016) (noting that accurate statements are not false or misleading for purposes of the FDCPA). Therefore, to determine whether the statute of limitations had run, plaintiffs’ attorneys had to look no further than the proof of claim form, which included the date of the most recent payment. With that information, a reasonably competent lawyer would have had no trouble evaluating whether the debt was timely. See Birtchman v. LVNV Funding, LLC, No. 1:14-cv-00713, 2015 WL 1825970, at *8 (S.D. Ind. Apr. 22, 2015) (“A competent lawyer would undoubtedly be aware of the statute of limitations defense that is common in most areas of law and permitted by the Bank *737 ruptcy Code.”)- In sum, plaintiffs have failed to present any evidence that defendants engaged in deceptive, misleading, unfair, or otherwise abusive conduct prohibited by the FDCPA.
We are not unsympathetic to plaintiffs’ concern that in certain cases, debtors and their representatives fail to object to claims for unenforceable debts, which then become part of the bankruptcy plan. This outcome harms not only the debtor, who is forced to pay a portion of the stale debt out of limited means, but also creditors with legally enforceable debts whose share of the pie is reduced because an additional creditor is claiming a piece. See Crawford, 758 F.3d at 1261. But the risk of this outcome in such cases is not sufficient to support a FDCPA claim in the cases currently before us, where plaintiffs’ attorneys successfully objected to proofs of claim that were neither false nor misleading.
The dissent faults us for supposedly ignoring the realities of the bankruptcy process. To be sure, in certain cases, the debtor proceeds pro se and lacks the sophistication to understand that a claim for a stale debt is subject to disallowance, and the trustee does not abide by his statutory duty to review all claims filed in the debtor’s case. Respectfully, the dissent attacks a straw man: this opinion does not foreclose relief under the FDCPA in cases involving such facts. We reiterate that any debt collection practice that “misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable” violates the FDCPA. McMahon, 744 F.3d at 1020. The dissent decries a problem that is not present here — in these cases, the debtors were represented by attorneys and were able to secure complete discharge of the time-barred debts in their Chapter 13 bankruptcy proceedings without undue cost or burden.
Of course, if defendants had filed proofs of claim with inaccurate information, or had otherwise engaged in deceptive or misleading debt collection practices, plaintiffs would have a cause of action under the FDCPA. See McMahon, 744 F.3d at 1020; Phillips, 736 F.3d at 1079. But in these cases, the district courts did not err in concluding that plaintiffs had not stated claims for relief under the FDCPA.[10]
III. Conclusion
For the foregoing reasons, the judgments are Affirmed.

. The plaintiff-debtors are Alphonse D. Owens, Tia Robinson, and Joshua Birtchman.

. The defendant-debt collectors are LVNV Funding, LLC and eCast Settlement Corporation.

. The FDCPA prohibits the use of “any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. The Act also prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt.” § 1692f.

. The dissent disagrees with our reliance on this statutory language. Although the dissent is correct that the statutory definition of claim does not explicitly include time-barred debts, the list is not exhaustive, and instead sets forth examples of the types of debts that could constitute a claim. Our point is not that time-barred debts fit neatly into any of these categories (although they are in fact contingent, as certain actions by the debtor can restart the statute of limitations period even after it has run, see note 6 infra). Instead, we observe that by including these examples, the broad statutory definition of claim undermines plaintiffs’ argument that a claim includes only legally enforceable obligations.

, In addition, a creditor who files a proof of claim certifies that the claim is “not being presented for any improper purpose” and is "warranted by existing law_” Fed. R, Bankr. P. 9011(b)(1), (2). Sanctions are available for violations of this rule. See In re Volpert, 110 F.3d 494, 501 n.11 (7th Cir. 1997); see also 11 U.S.C. § 105(a) (providing that a *732 bankruptcy court has inherent power to impose sanctions). During oral argument, plaintiffs contended for the first time that defendants’ conduct was eligible for sanctions and that the FDCPA applies to sanctionable conduct. Although at least one bankruptcy court has imposed sanctions on a debtor who filed a proof of claim on a time-barred debt, others have refused to do so, and this Court has not yet ruled on the propriety of sanctioning a debt collector who engages in the type of conduct at issue in these cases. Compare In re Sekema, 523 B.R. 651, 655 (Bankr. N.D. Ind. 2015) (imposing a $1,000 sanction against a debt collector that filed time-barred proofs of claim), with In re Keeler, 440 B.R. at 366-67 ("Given that section 501(a) authorizes every creditor holding a claim to file a proof of claim, even if that claim is later disallowed under section 502(b), section 105(a) does not state a cause of action to sanction such a filing.”); In re Simpson, No. 08-00137, 2008 WL 4216317, at *3 (Bankr. N.D. Ala. Aug. 29, 2008) (holding that the creditor’s act of filing a proof claim on a time-barred debt was not sanctionable under § 105(a)); and In re Varo-na, 388 B.R. 705, 723-24 (Bankr. E.D. Va. 2008) (same); cf In re Pesco Plastics Corp., 996 F.2d-152, 154 (7th Cir. 1993) (”[W]hen a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code.”),

. In fact, the statute of limitations period can be restarted by the debtor's conduct, such as by making a payment on or promising to pay the debt. See, e.g., 735 Ill. Comp. Stat. 5/13-206. Of course, a debtor who alerts the bankruptcy court to the existence of the time-barred debt or who objects to a proof of claim on a stale debt would secure a full discharge of the debt, without any fear of it returning on some future occasion.

. At oral argument, plaintiffs contended that the Second Circuit cast doubt on the continuing validity of Simmons in Garfield v. Ocwen Loan Servicing, LLC, 811 F.3d 86 (2d Cir. 2016). We disagree. The plaintiff in Garfield filed a suit in district court against a creditor who attempted to collect on a debt by threatening foreclosure and sending a delinquency notice, even though the debt had been discharged in the debtor's Chapter 13 bankruptcy, Id. at 88. In holding that the plaintiff-debtor had stated a claim for a FDCPA violation, the Second Circuit clarified that the Bankruptcy Code did not implicitly repeal the FDCPA. Id, at 91-92 (citing Randolph, 368 F.3d at 730). The Second Circuit did not abandon the rationale underlying Simmons— that there is less of a need to protect debtors who are protected by the bankruptcy court.

. The dissent reads Phillips and McMahon as precluding “any use of legal process” to collect on a stale debt. We do not read those cases as announcing a broad rule of this kind. Phillips outlawed lawsuits to collect stale debts, and for the reasons discussed above, we conclude that the rationale for that holding does not apply to the act of filing a proof of claim. The proper inquiry, set forth in McMahon and Evory v. RIM Acquisitions Funding LLC, for evaluating other types of collection activities employed by debt collectors is whether the collection effort would mislead the recipient of the communication (in the cases before us, the debtor’s lawyer or bankruptcy trustee) into believing that the debt is legally enforceable. See McMahon, 744 F.3d at 1020; Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769, 774 (7th Cir. 2007).

. Plaintiffs contend that filing objections to time-barred claims burdens the debtor and the bankruptcy court tasked with processing the objections. But the costs associated with objecting to a proof of claim are not substantial, as the objection process is simple. As the National Association of Consumer Bankruptcy Attorneys pointedly acknowledged in their amicus brief supporting plaintiffs' position, "this sort of motion practice is among the simplest ... that [a consumer bankruptcy attorney] encounters.”

. Because we affirm the district courts’ conclusion that defendants' conduct did not violate the FDCPA, we do not address the district court’s holding in Robinson that a confirmed Chapter 13 plan bars FDCPA claims that could have been filed in the bankruptcy proceeding under the doctrine of res judicata.