2025 IL App (1st) 241793-U

FIRST DISTRICT,
SIXTH DIVISION
July 25, 2025

No. 1-24-1793

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| BMO BANK N.A., | ) Appeal from the<br>) Circuit Court of<br>) Cook County, Illinois. |
| Plaintiff-Appellant, | ) |
| v | ) |
| | ) |
| JESUS VACA, MARCELA VACA, CITY OF CHICAGO, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) No. 23 CH 07978 |
| | ) |
| | ) Honorable |
| Defendants-Appellees. | ) James A. Wright,<br>) Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1        *Held*:  Trial court properly dismissed plaintiff's amended mortgage foreclosure action as barred by the statute of limitations.

¶ 2        Plaintiff BMO Bank N.A. (BMO) appeals the dismissal of its amended mortgage foreclosure complaint against defendant Jesus Vaca. BMO alleged Vaca breached a mortgage securing a promissory note by violating various City of Chicago (City) ordinances. The trial court dismissed the amended complaint with prejudice, finding the action barred by the 10-year

statute of limitations applicable to promissory notes. See 735 ILCS 5/13-206 (West 2022). We affirm.

¶ 3                                              I. BACKGROUND

¶ 4         On May 12, 2007, BMO and Vaca executed a $150,000 loan agreement, evidenced by a promissory note secured by a mortgage on Vaca's property. The note provides for repayment of the loan in 59 regular payments of $973.49 and one final payment estimated at $141,993.73. The final payment was due on May 25, 2012, the note's maturity date. The note lists events of default, including Vaca's failure to make any payment when due and if Vaca "break[s] any promise made to the Lender or fail[s] to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note."

¶ 5         The mortgage states Vaca's "possession and use of the Property shall be governed by" several provisions. "Compliance with Governmental Requirements" requires Vaca to "promptly comply with all laws, ordinances and regulations now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property." A separate provision, "Compliance with Laws," "warrants that the Property and Grantor's use of the property complies with all existing applicable laws, ordinances, and regulations of governmental authorities."

¶ 6         On September 6, 2023, more than 10 years after the note matured, BMO filed its initial complaint to foreclose the mortgage based on Vaca's alleged violations of City ordinances. Vaca moved to dismiss, and BMO was granted leave to amend. On January 26, 2024, BMO filed an amended complaint to foreclose the mortgage, alleging on June 23, 2023, the City filed a complaint for equitable and other relief (case No. 23 M1 400918) against Vaca based on numerous City ordinance violations related to the property. BMO alleged Vaca breached the mortgage provisions "Compliance with Governmental Requirements" and "Compliance with

Laws," and that as of August 22, 2023, the principal balance remaining on the note was $132,505.03.

¶ 7        On March 26, 2024, Vaca filed a motion to dismiss under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2022)), arguing BMO's foreclosure action is barred by the 10-year statute of limitations applicable to promissory notes under section 13-206 of the Code. See 735 ILCS 5/13-206 (West 2022)). Vaca maintained the cause of action accrued on the maturity date of the note. As such, the latest BMO could file a foreclosure action was May 25, 2022. Vaca argued BMO's foreclosure action is barred even if it is brought "pursuant to the Mortgage," since "Illinois law is settled that the mortgage is an incident of the debt, and the right to foreclose a mortgage continues until the debt becomes barred."

¶ 8        In response, BMO argued the cause of action accrued on June 23, 2023, when the City filed its complaint against Vaca for violating City ordinances. BMO also asserted the maturity date of the note does not bar all causes of actions on the note and mortgage, since "the expiration of the limitations period does not extinguish the underlying debt."

¶ 9        On August 26, 2024, the trial court granted Vaca's motion to dismiss, finding BMO's action barred under the 10-year statute of limitations applicable to promissory notes. BMO appeals. We affirm.

¶ 10                                    II. ANALYSIS

¶ 11        Under section 2-619(a)(5) of the Code, an action may be dismissed if it "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5). On appeal, we review *de novo* a section 2-619 motion to dismiss. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006).

¶ 12        The parties agree that actions on written contracts, including promissory notes, "shall be commenced within 10 years next after the cause of action accrued." 735 ILCS 5/13-206. They

also agree that under section 13-115, a mortgage foreclosure action must be filed "within 10 years after the right of action or the right to make such sale accrues." 735 ILCS 5/13-115 (West 2022). They disagree, however, on the date BMO's cause of action accrued.

¶ 13    BMO seemingly concedes its foreclosure action would be barred had it been based on Vaca's failure to pay the mortgage for over 10 years. Instead, BMO argues that because its foreclosure action is based on a breach of promises contained in the mortgage, rather than nonpayment under the note, it timely filed its complaint. According to BMO, Vaca breached the mortgage on June 23, 2023, which is the date the City filed its complaint against Vaca for violating City ordinances. Because BMO filed its foreclosure complaint within 10 years, BMO argues it is timely. Not so because once the 10-year limitations period passed after the 2012 maturity date of the note, BMO's right to foreclose became barred. *Emory v. Keighan*, 88 Ill. 482, 485 (1878) (where an action on the note is barred by the statute of limitations, an action on the mortgage is also barred).

¶ 14    A "foreclosure action is based on the note, the vehicle which gives the plaintiff the legal right to proceed against the property." *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 536 (2010). As such, it is well established that "the existence of the debt, for the securing of which a mortgage is given, is essential to the life of the mortgage, and that when the debt is paid, discharged, released, or barred by the Statute of Limitations, or by a judgment of a court, the mortgage is gone, and has effect no longer." *Emory*, 88 Ill. at 485; see also *Hibernian Banking Ass'n v. Commercial National Bank*, 157 Ill. 524, 537 (1895) ("it has been repeatedly decided by this court that the mortgage is a mere incident of the debt, and is barred when the debt is barred"); *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107, 126 (2007) (acknowledging the "old principle" that where the note is barred, " 'all right of action on the mortgage is also barred'

"), *overruled on other grounds by ABN AMRO Mortgage Group*, 237 Ill. 2d at 538; *BMO Bank N.A. v. Zbroszczyk*, 2025 IL App (1st) 241333, ¶ 27 ("where the underlying obligation is barred by the statute of limitations, a mortgage foreclosure action is similarly barred").

¶ 15        Because the note matured on May 25, 2012, and because Vaca made no payment or promise to pay thereafter, the latest BMO could file a foreclosure action was May 25, 2022. It does not matter that Vaca allegedly breached a promise in the mortgage in 2023, for by then the note had long matured. It could not be sued upon nor could the mortgage be foreclosed. *Schifferstein v. Allison*, 123 Ill. 662, 665 (1888) ("No cause of action or right to foreclose can accrue under a mortgage or deed of trust alone"); *United Central Bank v. KMWC 845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015) (citing *Hibernian*, 157 Ill. 524) ("long-standing Illinois law precludes a plaintiff from foreclosing on a mortgage when the underlying note is barred by the statute of limitations"); *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶¶ 17-18 (applying the 10-year statute of limitations for promissory notes to a mortgage foreclosure action).

¶ 16        BMO argues that barring all actions on the note is contrary Illinois law, since the expiration of the limitations period does not extinguish the underlying debt and the mortgage lien still exists. See 735 ILCS 5/13-116(a) (West 2022) (the "lien of every mortgage, *** the due date of which is stated upon the face, *** shall cease by limitation" 20 years from the due date); *Owens v. LVNV Funding, LLC*, 832 F.3d 726, 731 (7th Cir. 2016) (the expiration of the statute of limitations period does not extinguish the underlying debt). While it is true the debt still exists, the remedy for enforcement by way of foreclosure is gone if not exercised within the 10-year limitations period. See *Fleming v. Yeazel*, 379 Ill. 343, 345 (1942).

¶ 17     Obligations under a mortgage are not of an infinite duration. A mortgage is tied to the life of the underlying note. A lender's opportunity to foreclose for whatever reason – nonpayment or breach of another promise – expires at the end of the 10-year period from the date of maturity unless a payment or promise to pay is made thereafter. See 735 ILCS 5/13-206 (if "any payment or new promise to pay has been made *** within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay"). Such is not the case here. Accordingly, the court correctly dismissed BMO's foreclosure action against Vaca.

¶ 18                                III. CONCLUSION

¶ 19     We affirm the judgment of the circuit court of Cook County.

¶ 20     Affirmed.